**AKERMAN LLP**
MARISSA H. ALGUIRE, SBN 249755
marissa.alguire@akerman.com
STEVEN P. GALLAGHER, SBN 302881
steven.gallagher@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendant
AMERIPARK, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER POOL, in a representative capacity, and on behalf of all similarly situated and aggrieved current and former employees of DEFENDANTS in the State of California,<br><br>              Plaintiff,<br>    v.<br><br>AMERIPARK, LLC, a Georgia Limited Liability Company; and DOES 1-50, inclusive,<br><br>              Defendants. | Case No.    **'19 CV 1103 BEN WVG**<br><br>**DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1132, 1441, 1446, AND 1453**<br><br>[Concurrently filed with Civil Cover Sheet; Corporate Disclosure Statement; Notice of Party with Financial Interest; and Declaration of Stephanie Lorenzo]<br><br> Complaint Filed:  May 6, 2019 |

*AKERMAN LLP*
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

49089686;7

**TABLE OF CONTENTS**

**Page**

I.      SUMMARY OF COMPLAINT ........................................................................7

II.     THE REMOVAL IS TIMELY .........................................................................9

III.    DIVERSITY JURISDICTION EXISTS ..........................................................9

    A.    The Court Has Original Subject Matter Jurisdiction Under CAFA. ....9

        1.    Diversity of Citizenship Exists. ....................................................10

            a.    Plaintiff is a Citizen of California. ................................10

            b.    AmeriPark is a Citizen of Georgia. ...............................11

        2.    The Proposed Class Contains At Least 100 Members. ...........12

        3.    The Amount In Controversy Exceeds $5 Million. ...................12

            a.    Plaintiff's Rest Break Claim Places at Least $3,827,062 in Controversy. ...........................................15

            b.    Plaintiff's Wage Statement Claim Places at Least $1,570,800 in Controversy. ...........................................16

            c.    Plaintiff's Waiting Time Claim Places at Least $519,355 in Controversy. ..............................................16

            d.    The Amount in Controversy for Plaintiff's Representative Claims Exceeds $5,000,000 Without Including Reimbursements Allegedly Owed or Attorneys' Fees. ..............................................................17

IV.     REMOVAL IS ALSO PROPER BASED ON COMPLETE DIVERSITY..19

    A.    The Amount in Controversy Exceeds $75,000. ..................................19

        1.    Plaintiff's Rest Break Claims. ....................................................20

        2.    Plaintiff's Claim for Wage Statements....................................21

        3.    Plaintiff's Claim for Waiting Time Penalties..........................21

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

49089686;7

**4.** Plaintiff's Claims under the PAGA. ..........................................22

**5.** Attorneys' Fees. .......................................................................22

V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED ..................................................................................................24

VI. CONCLUSION ..........................................................................................25

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

49089686;7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Armstrong v. Church of Scientology Int'l*,
  243 F.3d 546 (9th Cir. 2000) ...................................................................................10

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
  465 F.2d 489 (9th Cir. 1972) ...................................................................................19

*Boon v. Allstate Ins. Co.*,
  229 F. Supp. 2d 1016 (C.D. Cal. 2002) ...................................................................10

*Brady v. Mercedes-Benz USA, Inc.*,
  243 F. Supp. 2d 1004 (N.D. Cal. 2002) ...................................................................17

*Brinker v. Superior Court*,
  53 Cal. 4th 1004 (2012) ....................................................................................15, 20

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ......................................................................12, 13

*Chavez v. JPMorgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ...................................................................................18

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  135 S.Ct. 547 (2014) ................................................................................................12

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
  899 F.3d 785 (9th Cir. 2018) .............................................................................17, 18

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ...........................................................................17, 19

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ...................................................................................17

*Hurd v. American Income Life Insurance*,
  2013 WL 5575073 (C.D. Cal. Oct. 13, 2013) .........................................................17

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ...................................................................................11

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No.
DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

*Lippold v. Godiva Chocolatier, Inc.*,
    2010 WL 1526441 (N.D. Cal. Apr. 15, 2010)............................................................22

*Lyon v. W. W. Grainger Inc.*,
    2010 WL 1753194 (N.D. Cal. Apr. 29, 2010)............................................................22

*Mejia v. DHL Express (USA), Inc.*,
    No. CV 15-890-GHK JCX, 2015 WL 2452755 (C.D. Cal. May 21,
    2015) ........................................................................................................................21

*Melendez v. HMS Host Family Restaurants, Inc.*,
    2011 WL 3760058 (C.D. Cal. Aug. 25, 2011) ..........................................................17

*Newcombe v. Adolf Coors Co.*,
    157 F.3d 686 (9th Cir. 1998) ....................................................................................11

*Rhoades v. Progressive Casualty Ins., Co.*,
    410 F. App'x 10 (9th Cir. 2010)................................................................................14

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ....................................................................................10

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &*
    *Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
    602 F.3d 1087 (9th Cir. 2010) ..................................................................................10

*Washington v. Hovensa LLC*,
    652 F.3d 340 (3rd Cir. 2011) ....................................................................................10

**Statutes**

28 U.S.C. §§ 1332, 1441, 1446, and 1453..................................................................7

28 U.S.C. § 1332(a) ..........................................................................................7, 19, 23

28 U.S.C. §§ 1332(a), (d), 1441 and 1446.................................................................24

28 U.S.C. § 1332(c)(1).................................................................................................11

28 U.S.C. § 1332(d)(1)(B) ............................................................................................9

28 U.S.C. § 1332(d)(2) ..........................................................................................10, 19

28 U.S.C. §§ 1332(d)(2), 1453 ....................................................................................9

28 U.S.C. § 1332(d)(2)(A)...........................................................................................11

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

28 U.S.C. § 1332(d)(5) .......................................................................................................12

28 U.S.C. § 1332(d)(6) .......................................................................................................12

28 U.S.C. §§ 1332(d) and 1453 ...........................................................................................7

28 U.S.C. §§ 1332(d), 1453 and 1711-1715........................................................................8

28 U.S.C. §§ 1441, 1446 and 1453......................................................................................9

28 U.S.C. § 1441(a), 1446(a) and 84(a) ............................................................................24

28 U.S.C. § 1441(b)(1) ......................................................................................................11

28 U.S.C. § 1446(b) .............................................................................................................8

28 U.S.C. § 1446(c)(2)(A)(i) ..............................................................................................19

28 U.S.C. § 1446(d) ...........................................................................................................24

28 U.S.C. § 1453..................................................................................................................9

California Labor Code Sections 201-203, 226, 226.7, 558, and 1198 ...............................17

California Labor Code Section 203 ...............................................................................16, 21

California Labor Code Section 226(a)...........................................................................15, 20

California Labor Code Section 226.7 ............................................................................15, 20

California Labor Code Sections 2012, 202, 203, 204, 210, 226.3, 226.7,
    558, 558.1, 1102.5, 1194, 1198, and 2802 ..................................................................21

Labor Code Section 226 ...........................................................................................16, 20, 21

Labor Code Section 558 .....................................................................................................22

Pub. L. No. 109-2 (enacted Feb. 18, 2005) ........................................................................8

**Other Authorities**

Sen. Rep. No. 109-14, p. 42 (2005) ...................................................................................12

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that AmeriPark, LLC ("Defendant" or "AmeriPark") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to this United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. This Court also has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists between plaintiff Carter Pool and AmeriPark, and the amount in controversy exceeds $75,000 for Plaintiff's claims, exclusive of interest and costs.

In support of this removal, AmeriPark states as follows:

## I.       SUMMARY OF COMPLAINT

1. On May 6, 2019, Plaintiff Carter Pool ("Plaintiff" or "Pool") filed an unverified putative class action complaint in the Superior Court of the State of California, in and for the County of San Diego, entitled *Carter Pool, in a representative capacity on behalf of all similarly situated and aggrieved current and former employees of DEFENDANTS in the State of California v. AmeriPark, LLC, a Georgia limited liability company; and Does 1 through 50, inclusive,* Case No. 37-2019-00023222-CU-OE-CTL.

2. On May 15, 2019, Pool filed an unverified First Amended Individual and Class Action Complaint ("First Amended Complaint" or "FAC"), alleging the same causes of action. The First Amended Complaint alleges eight causes of action on behalf of Plaintiff, a putative class and subclass, and aggrieved parties under California law for: (1) failure to provide rest periods; (2) failure to provide accurate, itemized wage statements; (3) failure to timely pay all wages due upon separation of employment; (4) failure to indemnify business expenses; (5) unfair business practices; (6) wrongful

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

constructive termination; (7) retaliation; and (8) violations of the Private Attorneys General Act of 2004 ("PAGA"). Plaintiff defines the putative class as "[a]ll current and former non-exempt employees who worked for Defendants in the State of California and who performed parking valet duties at any time from four years prior to the filing of this Complaint through the present." ("FAC."), ¶ 50. Plaintiff defines a waiting time subclass as "[a]ll members of the Parking Valet Class, whose employment with Defendants ended at any time from three years prior to the filing of this Complaint through the present." FAC., ¶ 51.

3.      Plaintiff's action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

4.      On May 13, 2019, Plaintiff caused the Summons, Complaint, Civil Case Cover Sheet, ADR Documents, and Notice of Assignment for All Purposes to be served on AmeriPark's process server by hand. True and correct copies of the Complaint and other documents served on May 13, 2019 are attached hereto as **Exhibit A** and are incorporated by reference.  True and correct copies of the Summons and service of process for the original Complaint are attached hereto as **Exhibit B** and are incorporated by reference.

5.      On May 20, 2019, Plaintiff caused the Summons and First Amended Complaint to be served on AmeriPark's process server by hand. A true and correct copy of the First Amended Complaint served on May 20, 2019 is attached hereto as **Exhibit C** and is incorporated by reference. True and correct copies of the Summons and service of process for the First Amended Complaint are attached hereto as **Exhibit D** and are incorporated by reference. A true and correct copy of the proof of service of Amended Summons to the First Amended Complaint is attached hereto as **Exhibit E** and is incorporated by reference.

6.      On June 11, 2019, AmeriPark caused its Answer to the First Amended Complaint to be filed with the San Diego Superior Court and served on Plaintiff's

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

counsel. A true and correct copy of the service copy of AmeriPark's Answer, which was submitted for eFiling on June 11, 2019 at 2:11 p.m. PT, is attached hereto as **Exhibit F** and is incorporated by reference.

## II.    THE REMOVAL IS TIMELY

7.    This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b). Plaintiff filed his original complaint in the San Diego County Superior Court on May 6, 2019. AmeriPark was served with the original complaint on May 13, 2019. AmeriPark is filing this Notice of Removal within thirty days of service of the Summons and Complaint. Accordingly, this Notice of Removal is timely.

8.    No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.    DIVERSITY JURISDICTION EXISTS

### A.    The Court Has Original Subject Matter Jurisdiction Under CAFA.

9.    This lawsuit is one over which this Court has original jurisdiction under 28 U.S.C. § 1453 because it is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

10.    This action is brought by a putative representative person on behalf of a proposed class and subclass of individuals identified as "[a]ll current and former non-exempt employees who worked for Defendants in the State of California and who performed parking valet duties at any time from four years prior to the filing of this Complaint through the present;" and "[a]ll members of the Parking Valet Class, whose employment with Defendants ended at any time from three years prior to the filing of this Complaint through the present." FAC., ¶¶ 50, 51. As such, this matter is a purported class action as that term is defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453.

11.    This Court has original subject matter jurisdiction based on diversity of

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and AmeriPark, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's First Amended Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1453.[1]  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

**1.    Diversity of Citizenship Exists.**

12.    In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, such that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

a.    Plaintiff is a Citizen of California.

13.    "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

14.    Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto.*

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[1] AmeriPark does not concede and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action and/or representative action. AmeriPark further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law or that any damages can be proven, much less the amount plead into controversy by the Complaint.

*Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id.*

15. Defendant is informed and believes that Plaintiff is, and was at the time of the institution of this civil action, a citizen and resident of the State of California. Declaration of Stephanie Lorenzo ("Lorenzo Decl."), ¶ 6. Plaintiff alleges that he worked for Defendants in San Diego, California for the duration of his employment. FAC., ¶ 25. Plaintiff alleges that the alleged wrongful conduct occurred in California. FAC., ¶ 13. Plaintiff also limits the putative class to current and former non-exempt employees who worked for AmeriPark "in the State of California." FAC., ¶ 50. During his employment with AmeriPark, Plaintiff provided AmeriPark with a home address in California. Lorenzo Decl., ¶ 6. Plaintiff does not allege that he was a citizen of any state other than California. Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

b. AmeriPark is a Citizen of Georgia.

16. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. The sole member of AmeriPark is Lanier Parking Holdings, Inc. Lorenzo Decl., ¶ 2.

18. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."

19. Lanier Parking Holdings, Inc. is incorporated in Georgia. Lorenzo Decl., ¶ 3. Therefore, Lanier Parking Holdings, Inc. is a citizen of Georgia.

20. Lanier Parking Holdings, Inc.'s principal place of business – it's "nerve center," where its high level officers direct, control and coordinate its activities—is also in Georgia. Lorenzo Decl., ¶ 4. Therefore, Lanier Parking Holdings, Inc. is a citizen only of Georgia.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

21.     Because Lanier Parking Holdings, Inc. is a citizen only of Georgia, AmeriPark is a citizen only of Georgia as well.

22.     Based on the First Amended Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of AmeriPark, as the named Plaintiff is a citizen of California, while AmeriPark is a citizen of Georgia. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Thus, minimal diversity exists.

23.     Although Plaintiff has listed 50 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

### 2.     The Proposed Class Contains At Least 100 Members.

24.     CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members. During the putative class period of May 6, 2015 through the present, AmeriPark has employed over 100 individuals as non-exempt, hourly employees in California who performed parking valet duties, which is the putative class definition and the group in which Plaintiff worked. Lorenzo Decl., ¶ 7; *see also* FAC. ¶ 25, 50, 51.

### 3.     The Amount In Controversy Exceeds $5 Million.

25.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

26.     The "defendant's notice of removal need include only a plausible allegation

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

27.    Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction. Sen. Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.").

28.    In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a reasonable number of rest period violations per class member per pay period. *Vitran*, 471 Fed. App. at 648. Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649.

29.    Plaintiff alleges that he "and other similarly situated and/or aggrieved employees of Defendant[] regularly worked shifts at least three and a half hours long and Defendant[] failed to authorize and permit them to take duty-free rest periods of at least 10 minutes for every four-hour work period, or major fraction thereof." FAC., ¶ 28. Plaintiff further alleges that he and similarly situated class members "were scheduled to work at posts where they were the only parking valet working at the time," which made

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AKERMAN LLP**

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

it impossible to take duty-free rest periods without backup, and, as a result, Plaintiff and the putative class members were forced to "remain on duty during the entirety of their shifts and were not authorized and permitted to take rest breaks." FAC., ¶¶ 29, 30, 60. Plaintiff further alleges that AmeriPark did not pay premium wages for these alleged missed rest periods. FAC., ¶ 31. Plaintiff further alleges that AmeriPark had a company-wide pattern and practice of failing to pay premium wages for missed rest periods, and did not maintain a valid written rest break policy. FAC., ¶¶ 28, 30, 31, 32, 60.

As a result of these alleged missed rest periods and AmeriPark's alleged failure to pay premium wages in lieu thereof, Plaintiff alleges that AmeriPark's wage statements were inaccurate as they did not reflect the gross and net wages allegedly owing. FAC., ¶¶ 33, 72. As a further result of its alleged failure to pay rest period premium wages, Plaintiff contends that AmeriPark willfully failed to pay Plaintiff and similarly situated class members all wages owing at the time of separation. FAC., ¶¶ 36, 63.

30.     While AmeriPark denies Plaintiff's factual allegations and denies that he or the putative class/subclass he purports to represent are entitled to any of the relief Plaintiff has requested in the First Amended Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and the putative class/subclass members are aggregated, the allegations within Plaintiff's First Amended Complaint put into controversy an amount in excess of $5,000,000.[2] *Rhoades v. Progressive Casualty Ins., Co.*, 410 F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. AmeriPark references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. AmeriPark maintains that each of Plaintiff's claims is without merit and that AmeriPark is not liable to Plaintiff or any putative class member. In addition, AmeriPark denies that liability or damages can be established on a class wide basis. AmeriPark specifically denies that Plaintiff or the putative class have suffered any damages as a result of any act or omission by AmeriPark. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 627 F.3d 295, 401 (9th Cir. 2010)).

        a.      Plaintiff's Rest Break Claim Places at Least $3,827,062 in Controversy.

31.    In the First Cause of Action, Plaintiff alleges that AmeriPark had the "policy, pattern and practice" of failing to authorize and permit putative class members to take duty-free rest periods. FAC., ¶¶ 28, 31, 32, 60.  Plaintiff further alleges that he and similarly situated class members "were scheduled to work at posts where they were the only parking valet working at the time," which made it impossible to take duty-free rest periods without backup, and, as a result, Plaintiff and the putative class members were forced to "remain on duty during the entirety of their shifts and were not authorized and permitted to take rest breaks." FAC., ¶¶ 29, 30, 60. Plaintiff further alleges that AmeriPark did not pay premium wages when he and the putative class "were not authorized to take rest periods of at least 10 minutes for each four-hour work period, or major fraction thereof." FAC., ¶¶ 28, 31, 62, 63. Plaintiff alleges that he worked between five and eight hours per workday.[3] FAC., ¶¶ 25, 28. Putative class members typically worked or were expected to work an average of four (4) workdays per week. Lorenzo Decl., ¶ 7.

32.    California Labor Code Section 226.7 provides that if an employer fails to provide rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the [ ] rest period was not provided." *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

33.    Based on Plaintiff's allegations in the First Amended Complaint, Plaintiff and other putative class members "remained on-duty during the entirety of their shifts" and allegedly did not receive a California-compliant rest break on any day they worked. FAC., ¶¶ 29. Assuming that AmeriPark failed to provide at least four (4) rest breaks each

---

[3] Plaintiff alleges that his schedule may have variances based on the time of year. FAC., ¶ 25.

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

workweek to Plaintiff and the putative class members, the potential amount in controversy under Section 226.7 for allegedly failing to provide rest breaks would be: 81,705 total workweeks x 4 missed rest breaks per workweek x $11.71 average putative class hourly rate = $3,827,062.20 (Lorenzo Decl., ¶ 7).

> b.    Plaintiff's Wage Statement Claim Places at Least $1,570,800 in Controversy.

34.    In the Second Cause of Action, Plaintiff alleges that, as a result AmeriPark's pattern and practice of failing to pay premium wages for missed rest periods, he and similarly situated class members' wage statements "did not include the correct amount of gross and net wages earned as required under Labor Code section 226." FAC., ¶¶ 33, 72.

35.    California Labor Code Section 226(a) provides that if an employer fails to provide accurate, itemized wages statements, the employer shall pay the employee the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000).

36.    Based on Plaintiff's allegations in the First Amended Complaint, Plaintiff and other putative class members allegedly did not receive a California-compliant wage statement for any pay period in which they worked in the relevant time period. The potential amount in controversy under Section 226 for failing to provide accurate, itemized wage statements, assuming one violation per putative class member at $50 and one violation for each of the remaining 25 pay periods at $100 per putative class member, would be: $2,550 per putative class member (for one year of potential violations) x 616 putative class members, Lorenzo Decl., ¶ 9 = $1,570,800.00.

> c.    Plaintiff's Waiting Time Claim Places at Least $519,355 in Controversy.

37.    In the Third Cause of Action, Plaintiff contends that as a result of AmeriPark's pattern and practice of failing to pay rest period premium wages, AmeriPark

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

"willfully failed to pay Plaintiff and [the putative class members] all rest period premium wages owed upon their separation of employment." FAC., ¶¶ 36, 63.

38. California Labor Code section 203 provides that if an employer willfully fails to timely pay an employee who is discharged or quits all wages due, the employee's wages continue as a penalty for up to thirty (30) days.

39. Based on Plaintiff's allegations, and according to Company records, there are 182 employees who purportedly fit within Plaintiff's subclass definition as former employees who may be entitled to waiting time penalties pursuant to Section 203. Lorenzo Decl., ¶ 8; Cal. Lab. Code § 203. The potential amount in controversy under Section 203 for waiting time penalties would be: 8 hours per day x 30 days x 182 waiting time subclass members x $11.71 putative class average hourly rate = $519,355.20. (Lorenzo Decl., ¶ 8).

      d. <u>The Amount in Controversy for Plaintiff's Representative Claims Exceeds $5,000,000 Without Including Reimbursements Allegedly Owed or Attorneys' Fees.</u>

40. As demonstrated above, the alleged damages on Plaintiff's First, Second, and Third Causes of Action <u>alone</u> total at least $5,917,217.40, which satisfies the amount in controversy requirement.

41. Further, however, and still excluding alleged unpaid reimbursements, this putative wage and hour class action asserts claims under various California Labor Code provisions, including sections 201-203, 226, 226.7, 558, and 1198, each of which provide for the award of attorneys' fees to a prevailing employee. Plaintiff seeks to recover attorneys' fees with respect to each of these three causes of action – in other words, Plaintiff alleges that each claim separately authorizes the recovery of attorneys' fees. FAC., Prayer for Relief ¶ e.

42. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may also be considered for purposes of calculating the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, *a reasonable estimate of fees likely to be incurred to resolution* is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Hurd v. American Income Life Insurance*, 2013 WL 5575073 (C.D. Cal. Oct. 13, 2013); *Melendez v. HMS Host Family Restaurants, Inc.*, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011). When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn. 6.

43.   Based on the calculations outlined above, and including attorneys' fees, the potential total amount in controversy exceeds $5,000,000.00 as follows:

| Claim | Amount in Controversy |
|---|---|
| Rest Periods | $3,827,062.20 |
| Wage Statements | $1,570,800.00 |
| Waiting Time | $519,355.20 |
| Attorneys' Fees (25%) | $1,479,304.35 |
| **Total** | **$7,396,521.75** |

44.   As certain putative class members are also current employees, and Plaintiff

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

claims that Defendant's unlawful policies are still in place, this amount for the putative class will continue to grow. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018) ("We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the Complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

45.     Thus, although AmeriPark denies Plaintiff's allegations and theories of maximum recovery, denies that he or the putative class he purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all its defenses, based on Plaintiff's allegations, the potential amount in controversy just on Plaintiff's First through Third Causes of action exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

46.     Therefore, Plaintiff's First Amended Complaint satisfies the amount in controversy requirement under CAFA.

## IV.    REMOVAL IS ALSO PROPER BASED ON COMPLETE DIVERSITY

47.     Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and AmeriPark because Plaintiff and AmeriPark are citizens of different states. As demonstrated above, complete diversity of citizenship exists between Plaintiff and AmeriPark because Plaintiff is a citizen of California and AmeriPark is a citizen of Georgia. *See* Lorenzo Decl., ¶¶ 3, 4, 6.

48.     The amount in controversy is also satisfied on Plaintiff's individual claims. Removal is therefore proper pursuant to 28 U.S.C. § 1332(a).

### A.    The Amount in Controversy Exceeds $75,000.

49.     To establish diversity jurisdiction the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).  In determining whether the jurisdictional minimum is met, the Court is entitled to and should consider all recoverable damages sought by Plaintiff. *Galt G/S*, 142 F.3d at 1155-56 (9th Cir. 1998). In addition,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the Court may consider the value of nonmonetary relief sought (28 U.S.C. § 1446(c)(2)(A)(i)) and aggregate claims for monetary and nonmonetary relief brought by a single plaintiff against a single defendant. *See Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

50.     While AmeriPark here denies Plaintiff's factual allegations and further denies that he is entitled to any of the relief for which he has prayed, Plaintiff's allegations have put into controversy an amount that exceeds $75,000, exclusive of interest and costs.

### 1.     Plaintiff's Rest Break Claims.

51.     Plaintiff alleges that he was employed as a parking valet in San Diego, California from approximately November 11, 2013 to January 25, 2019. FAC. ¶ 25. Plaintiff further alleges that at the time his employment ended, he earned $11.50 per hour. *Id.*

52.     In his First Cause of Action, Plaintiff alleges that AmeriPark failed to provide him with rest breaks. Compl, ¶¶ 54-65. Plaintiff alleges that he is entitled to damages of one hour of pay at the regular rate of pay as provided for in Labor Code Section 226.7 for the alleged denial of rest breaks. *Id.* at ¶¶ 58, 63-65.

53.     Assuming Defendant was lawfully required to provide such rest breaks to Plaintiff, as is alleged in the First Amended Complaint, then Plaintiff could potentially recover a premium equal to one hour of pay for each rest period that was purportedly not provided. *See* Labor Code § 226.7; *Brinker*, 53 Cal. 4th at 1039 (2012).

54.     Based on Plaintiff's allegations in the First Amended Complaint, Plaintiff did not receive at least one California-compliant rest period for any shift he worked and was forced to "forego" his rest periods every time he worked. FAC., ¶¶ 28-31, 60, 62. Assuming that AmeriPark failed to provide four rest periods each workweek to Plaintiff, the potential amount in controversy under Section 226.7 for allegedly failing to provide rest breaks would be: 4 rest periods per week x 194 weeks of employment during the

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

applicable limitations period[4] x $11.50 Plaintiff's last rate of pay, FAC., ¶ 25, = $8,924.00.

### 2.     Plaintiff's Claim for Wage Statements.

55.    In his Second Cause of Action, Plaintiff alleges that AmeriPark failed to provide him with accurate, itemized wage statements under California Labor Code Section 226. FAC., ¶¶ 33, 72.

56.    California Labor Code Section 226(a) provides that if an employer fails to provide accurate, itemized wages statements, the employer shall pay the damages employee the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000).

57.    Based on Plaintiff's allegations in the First Amended Complaint, Plaintiff allegedly did not receive a California-compliant wage statement for any pay period in which he worked during the applicable one-year limitations period. FAC., ¶ 72. The potential amount in controversy under Section 226 for failing to provide accurate, itemized wage statements to Plaintiff would be: Plaintiff worked approximately 26 pay periods[5]. (1 violation x $50) + (25 violations x $100) = $2,550.

### 3.     Plaintiff's Claim for Waiting Time Penalties.

58.    In his Third Cause of Action, Plaintiff alleges that AmeriPark failed to pay him all wages owed within the time allowed under California Labor Code Section 203. FAC., ¶¶ 84-85.  Accordingly, Plaintiff demands 30 days wages as a penalty under Labor Code § 203 for Defendant's failure to timely pay legal wages. *Id.* at ¶ 83; *see, e.g., Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *6 (C.D.

---

[4] Plaintiff's workweeks between the applicable limitations period of May 6, 2015 and his separation date of January 25, 2019 is approximately 194 weeks. Lorenzo Decl., ¶ 11.

[5] Plaintiff worked throughout the entire one-year limitations period. There were 26 pay periods in that year.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Cal. May 21, 2015).

59.   As a result, the amount in controversy for Plaintiff's Fifth Cause of Action would be: 8 hours x 30 days x $11.50 Plaintiff's last rate of pay = $2,760.

### 4.   Plaintiff's Claims under the PAGA.

60.   In his Eighth Cause of Action, Plaintiff brings an action for civil penalties under the PAGA for violations of California Labor Code sections 2012, 202, 203, 204, 210, 226.3, 226.7, 558, 558.1, 1102.5, 1194, 1198, and 2802. FAC., ¶¶ 132-154.

61.   The total value of *plaintiff's portion* of the civil penalties that could be attributable to the aggrieved parties (25%) would include[6]:

- Rest Periods: (Total civil penalties x 25%) / Number of Aggrieved Employees = $1,277.90.

- Wage Statements: (Total civil penalties x 25%) / Number of Aggrieved Employees = $1,277.90.

- Reimbursements: (Total civil penalties x 25%) / Number of Aggrieved Employees = $1,277.90.

- Suitable Seating: (Total civil penalties x 25%) / Number of Aggrieved Employees = $1,277.90.

- Hours and Days of Work: (Lab. Code sec. 558): (Total civil penalties x 25%) / Number of Aggrieved Employees = $638.95.

The total value of Plaintiff's portion of PAGA civil penalties could be: $5,750.53.

### 5.   Attorneys' Fees.

62.   As discussed above, the Ninth Circuit has held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered through resolution of the case for purposes of calculating the amount in controversy. The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiffs counsel's hourly rate, and the

---

[6] Based on 639 employees working at least 16,651 pay periods from March 2, 2018 to the present.

DEFENDANT AMERIPARK, LLC'S NOTICE OF REMOVAL

number of hours counsel expects to spend on this case. *See Lyon v. W. W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."). Courts have recognized that "attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010).

63. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual wage and hour claims, based on Plaintiff's allegations, is approximately 175 hours. The parties will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case management conference statement, and appear at a case management conference. AmeriPark anticipates filing a motion for summary judgment. AmeriPark anticipates deposing Plaintiff. AmeriPark anticipates that Plaintiff's counsel will depose one or more Rule 30(b)(6) witnesses. AmeriPark anticipates that the Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions. Given the anticipated law and motion practice and the need for at least one case management conference appearance, AmeriPark anticipates there will be at least four court appearances, separate and apart from any pretrial and trial practice before the Court. Plaintiff also has requested a jury trial, which would extend the time necessary for any trial of Plaintiff's claims. Therefore, approximately 175 hours of attorney time is a conservative, and certainly reasonable, estimate of the number of attorney hours that can reasonably be anticipated through the resolution of this case. At a relatively conservative attorney billing rate of $450 an hour, 175 hours of attorney time equates with $78,750 in attorneys' fees that Plaintiff potentially may recover.

///

///

///

///

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

| Claim | Amount in Controversy |
|---|---|
| Rest Breaks | $8,924.00 |
| Wage Statements | $2,550.00 |
| Waiting Time Penalty | $2,760.00 |
| PAGA | $5,750.53 |
| Attorneys' Fees | $78,750.00 |
| **Total** | **$98,734.53** |

64. Accordingly, although AmeriPark denies Plaintiff's factual allegations and prayer for relief, the amount in controversy exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a).

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

65. As set forth above, this Notice of Removal is filed within thirty days of service of process on AmeriPark and all process, pleadings, and orders that have been served (or purportedly served) on AmeriPark in this action are attached hereto in **Exhibits A, B, C, D, E and F**.

66. Venue lies in the Southern District of California pursuant to 28 U.S.C. § 1441(a), 1446(a) and 84(a). This action was originally brought in the Superior Court of the State of California, County of San Diego and arises, in part, out of Plaintiff's employment there. FAC., ¶ 25. Therefore, this is the appropriate Court for removal.

67. As required by 28 U.S.C. § 1446(d), AmeriPark will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Diego.

68. AmeriPark is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Summons and Complaint or First Amended Complaint.

69.     AmeriPark has sought no similar relief.

70.     The prerequisites for removal under 28 U.S.C. §§ 1332(a), (d), 1441 and 1446 have been met.

71.     If any question arises as to the propriety of the removal of this action, AmeriPark requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

72.     By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, AmeriPark does not intend to make any admissions of fact, law or liability relating to the claims in the First Amended Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## VI.     CONCLUSION

73.     Based on each of the matters discussed above, AmeriPark removes the above-captioned to the United States District Court for the Southern District of California.

Dated:  June 12, 2019                    **AKERMAN LLP**


                                        By: *s/ Marissa Alguire*
                                             Marissa Alguire
                                             Steven P. Gallagher

                                             Attorneys for Defendant
                                             AMERIPARK, LLC
                                             Email: marissa.alguire@akerman.com

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342