1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CARTER POOL | Case No.:   19cv1103-LAB (WVG) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR REMAND; AND** |
| AMERIPARK, LLC | |
| Defendant. | **ORDER REQUIRING DEFENDANT TO FILE SUPPLEMENTAL BRIEFING** |

Plaintiff Carter Pool filed this putative wage and hour class action in California state court on behalf of himself and a class of 616 to 685[1] parking valets employed by AmeriPark. Plaintiff's Complaint alleges (1) failure to provide rest periods; (2) failure to provide accurate itemized wage statements; (3) failure to timely pay all wages due upon separation of employment; (4) failure to indemnify necessary business expenses; (5) violation of Business & Professions Code §§17200, *et seq.*; (6) wrongful constructive termination; (7) unlawful retaliation; and violation of the Private Attorneys General Act of 2004 (PAGA).

_____

[1] AmeriPark claims there are 616 putative class members, while Pool sets the number at 685.

AmeriPark removed the case, citing both ordinary diversity jurisdiction under 28 U.S.C. §1332(a) and jurisdiction under the Class Action Fairness Act of 2005 (CAFA). *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010) (holding that putative class action can be removed under § 1332(a) if at least one named plaintiff satisfies the amount in controversy requirement); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007) (holding that CAFA supplements rather than supplants § 1332 jurisdiction).

In order for the Court to exercise jurisdiction under CAFA, any member of the class must be a citizen of a state different from the Defendant, and the amount in controversy must exceed $5 million, exclusive of interest and costs. PAGA penalties are also not included in the amount in controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 790 (9th Cir. 2018).

Pool has filed a motion for remand, arguing that AmeriPark has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million for the class action claims or $75,000 for Plaintiff's individual claims.

The Court is also obligated to inquire, *sua sponte* if necessary, whenever a doubt arise as to its jurisdiction. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977).

**Legal Standards**

The Court must presume it lacks jurisdiction, until the party invoking the Court's jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a "strong presumption" against ordinary removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). This presumption does not apply to removal under CAFA, although the party invoking federal jurisdiction still bears the burden

/ / /

19cv1103

of establishing it. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

The removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless it is contested *Dart*, 135 S. Ct. at 554. If the plaintiff contests it, however, evidence establishing the amount in controversy is required, and the Court decides whether the preponderance standard has been met. *Id.* at 550.

Where, as here, the complaint does not plead a specific amount in controversy or seek a specific amount of damages, a defendant asserting removal under CAFA "must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). The preponderance of the evidence standard requires a defendant to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1986).

When the amount in controversy is disputed, the Court considers factual allegations in the removal petition, as well as any relevant "summary-judgment-type evidence." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The Court may also rely on its own knowledge of customary attorney's fee rates when evaluating reasonable and proper fees. *See Fritsch*, 899 F.3d at 795.

Of course, the Court may rely on "judicial experience and common sense" in determining whether the amount in controversy is apparent from the face of the complaint. *See Dourian v. Stryker Corp.*, 2012 WL 12893752, at *1 (C.D. Cal., Apr.

19cv1103

25, 2012) (citing *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1062 (11ᵗʰ Cir. 2010)). Any estimates or assumptions must be reasonable. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (CAFA jurisdiction cannot be based on "mere speculation and conjecture, with unreasonable assumptions").

**Diversity of Citizenship**

The notice of removal correctly pleads facts showing Pool and AmeriPark are diverse for § 1332(a) purposes.  Under CAFA, however, an unincorporated association is deemed a citizen of the state where it has its principal place of business and the state under whose laws it is organized.  28 U.S.C. § 1332(d)(10). While the notice of removal's caption says AmeriPark is a Georgia LLC, it does not identify AmeriPark's principal place of business. It may be that AmeriPark's principal place of business is in Georgia, but that is for AmeriPark, as the party invoking the Court's jurisdiction, to allege.

**Factual Allegations and Claims**

According to the complaint, Pool was employed as a parking valet in San Diego from November 11, 2013 to January 25, 2019.  At the time he left AmeriPark's employment, he was earning $11.50 per hour. Pool's schedule was variable, although he generally worked 5 to 8 hours per day on the days when he worked. The complaint alleges AmeriPark's practice was to schedule valets to work alone, such that no one was available to relieve them. (Compl., ¶ 29.) This meant that valets did not get required rest breaks, and AmeriPark did not pay them for the missed breaks. AmeriPark's continued failure to make up for these lost payments, and to provide accurate wage statements, gave rise to related claims.

Pool also brings claims only on his own behalf, including a claim for wrongful termination in violation of public policy and retaliation. He alleges that AmeriPark retaliated against him and constructively terminated him for reporting what he reasonably believed to be unlawful behavior, namely his supervising manager's

/ / /

1 illegal participation in the valet tip pool. He seeks compensatory damages for lost
2 earnings and emotional distress, and punitive damages.

3 **Jurisdiction Under § 1332(a)**

4     On their own, Pool's wage-based claims are well below the $75,000.
5 AmeriPark's estimates in the notice of removal are plausible, and supported by a
6 reasonable construction of the complaint. PAGA penalties should not have been
7 included, however. See *Fritsch*, 899 F.3d at 790. And only attorney's fees
8 attributable to Pool's own claims should have been included. *See Gibson v.*
9 *Chrysler*, 261 F.3d 927, 941–42 (9th Cir. 2001).

10     The claims for emotional distress can be valued by citing awards in
11 analogous or similar cases. *See Avila v. Kiewit Corp.*, 2019 WL 4729641, slip op.
12 at *3 (C.D. Cal., Sept. 26, 2019). While the cases AmeriPark cites do involve
13 emotional distress, they are not completely analogous, and his award is likely to
14 be lower. They are relevant, but by themselves are not completely convincing.

15     That being said, if Pool prevails on his claim that he was retaliated against
16 or constructively terminated for complaining about violations of the state labor code
17 pertaining to misappropriation of employees' tips (*see* Complaint, ¶¶ 38–42), he
18 could very likely recover more than $75,000 for that in the form of compensatory
19 damages and emotional distress, and perhaps most significantly punitive
20 damages. Prohibitions on management's taking a share of employee tips are well
21 established. *See, e.g., Chau v. Starbucks Corp.*, 174 Cal. App. 4th 688, 701–02
22 (Cal. App., 2009). Parking valets are commonly tipped, and common sense
23 suggests this forms an important part of their income. Therefore any violation
24 would likely substantially affect the income of many workers. Furthermore, a large
25 company such as AmeriPark that employs at least several hundred tipped
26 employees would be expected to know all this.

27     Pool alleges that he told several highly-placed members of AmeriPark's
28 management about the tip violations. Instead of investigating his complaints, he

19cv1103

alleges, they accused him of making false accusations, then apparently told Pool's manager, who became particularly hostile to him. After that, Pool alleges, supervisors cut his hours, and changed his work location and schedule without telling him. He also alleges they suspended him without pay for, giving explanations a jury could reasonably find pretextual. The retaliation Pool complains of was carried out by several supervisors over time, apparently as a concerted effort to punish him, and was harsh enough that it could be expected to chill any further complaints. Punishing an employee for complaining to management about this kind of violation would likely be seen as oppressive and requiring deterrence in the form of substantial punitive damages.

On the basis of the evidence presented, and the Court's experience and common sense, the Court finds by a preponderance that the amount in controversy for diversity jurisdiction under § 1332(a) is met.

**CAFA Jurisdiction**

Because the Court finds it can exercise diversity jurisdiction under § 1332(a), it need not make a definitive ruling on CAFA jurisdiction at this time. The pleading defect, mentioned above, means the Court cannot yet confirm that it has CAFA jurisdiction regardless of the amount in controversy. Nevertheless, it may become necessary to evaluate CAFA jurisdiction later in the case, particularly if Pool's claims are dismissed before the case is resolved.

When the amount in controversy is disputed, the Court considers factual allegations in the removal petition, as well as any relevant "summary-judgment-type evidence." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The removal petition relies on a good deal of interpretation of the complaint's allegations. Both parties requested judicial notice, but the evidence they ask the Court to notice consist mostly of records in other cases, and affidavits in support of attorney's fees. The fact that PAGA damages were erroneously included in the total means that this is a closer call than AmeriPark's briefing would

suggest. While courts can and do parse allegations in a complaint finely and examine the reasonableness of estimates in order to determine the amount of damages sought, the Court finds it prudent in these circumstances to reserve on this point.

Notably absent from the briefing are any records regarding payroll, work schedules, or wages, which AmeriPark presumably has access to, and which could clarify the complaint's allegations considerably. These form the bulk of the claims, and because this is a putative class action they will eventually come into play anyway. AmeriPark is directed to obtain employment records for the class, and to file a supplement to the notice of removal giving details substantiating its contention regarding the wage and hour damages claims with reference to actual hours, schedules, wages, and the like. The supplement should also correct the CAFA diversity pleading defect identified above.

**Conclusion and Order**

For these reasons, the motion to remand is **DENIED**. AmeriPark must file the required supplement within **35 calendar days of the date this order is entered in the docket**. But if AmeriPark requires more time, it should it should file either a joint motion or *ex parte* motion, explaining the reason.

The parties must also communicate with each other and endeavor to confirm the actual number of putative class members.

**IT IS SO ORDERED**.

Dated: March 19, 2020

Honorable Larry Alan Burns
Chief United States District Judge

19cv1103