GRAHAM**HOLLIS** APC
Graham Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Nathan Reese (SBN 283150)
nreese@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff CARTER POOL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER POOL, in a representative capacity, and on behalf of all similarly situated and aggrieved current and former employees of DEFENDANTS in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>AMERIPARK, LLC, a Georgia Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-01103-LAB-WVG<br><br>[*Assigned to Hon. Larry Alan Burns*]<br><br>**SECOND AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [Cal. Code Civ. Proc. § 382] [IMAGED FILE]**<br><br>1. Failure to Provide Rest Periods;<br>2. Failure to Provide Meal Periods;<br>3. Failure to Pay Minimum and Regular Wages;<br>4. Failure to Pay All Overtime Wages;<br>5. Failure to Provide Accurate Itemized Wage Statements;<br>6. Failure to Timely Pay All Wages Due Upon Separation of Employment;<br>7. Failure to Indemnify Necessary Business Expenses;<br>8. Violation of Business & Professions Code §17200, *et seq.*;<br>9. Wrongful Constructive Termination;<br>10. Unlawful Retaliation; and<br><br>**REPRESENTATIVE ACTION FOR PAGA PENALTIES**<br><br>11. Violation of the Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.*<br><br>**– JURY TRIAL DEMANDED -** |

Plaintiff CARTER POOL (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated and aggrieved employees of Defendants AMERIPARK, LLC, and DOES 1 THROUGH 50, inclusive, (hereinafter "Defendants"), alleges as follows:

## I.

## INTRODUCTION

1.     Plaintiff brings this putative class and individual action against Defendants AMERIPARK, LLC, and DOES 1 THROUGH 50, for engaging in a pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders, all of which have contributed to Defendants' deliberate unfair competition.

2.     Plaintiff brings this action on behalf of all current and former non-exempt employees who worked for Defendants in the State of California and who performed parking valet duties during the applicable relevant time period, (hereinafter "similarly situated employees").

3.     Plaintiff also brings this representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq*. ("PAGA") against Defendants for engaging in a pattern of wage and hour violations under the California Labor Code and the applicable IWC Wage Order. Plaintiff brings this action on behalf of all other current and former non-exempt employees of Defendants in the State of California who have suffered at least one of the Labor Code violations described herein during the applicable relevant time period (hereinafter "aggrieved employees").

4.     Plaintiff is informed and believes, and on that basis alleges, that Defendants decreased its employment-related costs by systematically violating California wage and hour laws and engaging in unlawful and unfair business practices.

5.     Defendants' systematic pattern of wage and hour and IWC Wage Order violations toward Plaintiff and other similarly situated and aggrieved employees in California include, *inter alia*:

        a.     Failure to provide compliant meal and rest periods;

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

b.      Failure to provide compensation for all hours worked, including minimum wage, regular, and overtime wage;

c.      Failure to provide accurate itemized wage statements;

d.      Failure to timely pay wages due during and upon separation of employment;

e.      Failure to institute a lawful tip pooling policy that did not deprive employees of all gratuities due to them;

f.      Failure to provide suitable seats; and

g.      Failure to reimburse for all business expenses.

6.      Plaintiff also brings an individual action against Defendants for constructive wrongful termination and retaliation as a result of his making complaints about wages and working conditions and perceived unlawful activity.

7.      Plaintiff brings this lawsuit seeking restitution, injunctive relief, and monetary relief against Defendants, on behalf of himself and all other similarly-situated and/or aggrieved employees in California, to recover, among other things, unpaid wages, benefits, expenses, interest, attorney's fees, damages, liquidated damages, penalties, and costs pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226.3, 226.7, 351, 558, 558.1, 510. 512, 1102.5, 1194, 1197.1, 1198, 2802, the Private Attorney General Act, California Labor Code § 2698, *et seq.*; the Business and Professions Code §§17200, et seq., and the provisions of the applicable IWC Wage Order. Plaintiff also brings an individual action seeking any and all remedies for Plaintiff's constructive wrongful termination of his employment in violation of public policy and retaliation, including, monetary relief, punitive damages, attorney's fees and costs, and civil penalties that are required pursuant to California Labor Code section 1102.5.

8.      Plaintiff reserves the right to name additional representatives throughout the State of California.

## II.

## PARTIES, JURISDICTION AND VENUE

3

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

9.    Plaintiff is an individual who worked for Defendants as a parking valet. He was primarily engaged in administrative duties, and the majority of the work he performed was non-managerial in nature. Plaintiff was not primarily engaged in work directly related to management policies or general business operations of the Defendants. Plaintiff was not permitted to exercise discretion or independent judgment and could not hire or fire employees. At all times, Plaintiff was a non-exempt employee and should have received the protections afforded by the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

10.    Defendant AMERIPARK, LLC, is organized under the laws of the State of Georgia and has its principal place of business in Marietta, Georgia.

11.    Defendants operates several businesses and locations throughout California, including in San Diego, California.

12.    Plaintiff and all other current and former similarly situated and aggrieved employees are and were employees of Defendants within the meanings set forth in the Labor Code and IWC Wage Order at all times during the applicable statutory period.

13.    Defendants' wrongful conduct, as herein alleged, occurred in the County of San Diego and in various counties throughout the State of California. Plaintiff is informed and believes, and thereon alleges, that Defendants are, and at all relevant times were, authorized to do business and did business in the State of California, and were Plaintiff's and similarly situated and aggrieved employees' "employers" as defined in and subject to the California Labor Code and Industrial Welfare Commission Wage Orders.

14.     The true names and capacities of the Defendants named as DOES 1 THROUGH 50, inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitiously named Defendants when their true names are ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious Defendants have participated in the acts alleged in this Complaint.

15.    Plaintiff and all other similarly situated and aggrieved employees are, and at

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

all relevant times were, employees of each Defendant, including DOES 1 THROUGH 50, within the meanings set forth in the California Labor Code and applicable Industrial Welfare Commission Wage Order.

16.    At all relevant times, each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of each other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of the other.

17.    Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant.

18.    Each Defendant, whether named or fictitious, exercised control over Plaintiff's wages, working hours, and/or working conditions.

19.    Each Defendant, whether named or fictitious, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy, and the acts of each Defendant are legally attributable to the other Defendants.

20.    Each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants at all relevant times herein.

21.    On information and belief, a unity of interest and ownership between each Defendant, whether named or fictitious, exists such that all Defendants acted as a single employer of Plaintiff and all other aggrieved employees.

22.    Defendants, including DOES 1 THROUGH 50, were Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

underpaid employee, as set forth in Labor Code section 558, at all relevant times.

23.    Venue is proper in this Court pursuant to 28 U.S. Code § 1391 because a substantial part of the events or omissions giving rise to the claims alleged occurred within the San Diego County in the Southern District of California. Defendants maintain offices, transact business, and/or have an agent in San Diego County and Defendants are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein arose in San Diego County and have a direct effect on Plaintiff and other similarly situated employees within the State of California and San Diego County. Defendants employ numerous individuals throughout San Diego County and the State of California.

**III.**

**<u>GENERAL ALLEGATIONS</u>**

24.    AMERIPARK, LLC, (hereinafter "AMERIPARK") is a full-service parking company providing valet and parking management services within numerous markets across the United States, including California. AMERIPARK employed Plaintiff and other similarly situated and/or aggrieved employees to perform valet parking services.

25.    Plaintiff was employed by Defendants as a parking valet at its location in Fashion Valley Mall in San Diego, California. Plaintiff worked for Defendants from on or around November 11, 2013 until January 25, 2019.  At the end of his employment, Plaintiff was paid $11.50 an hour. Plaintiff typically worked between 5 and 8 hours per workday, however, his schedule and workdays have varied throughout his employment and based on Defendants' seasonal needs. There were occasions when Plaintiff worked in excess of 8 hours in a workday or 40 hours in a workweek.

26.    At no time during Plaintiff's employment as a parking valet was he primarily engaged in administrative duties, and the majority of the work he performed was non-managerial in nature. Furthermore, Plaintiff was not primarily engaged in work directly related to management policies or general business operations of the Defendants. Plaintiff was not permitted to exercise discretion or independent judgment and could not hire or fire

6

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

employees. At all times, Plaintiff was non-exempt employee and should have been received the protections afforded by the California Labor Code and the applicable Industrial Welfare Commission IWC Wage Order.

27. On information and belief, Plaintiff and other similarly situated and/or aggrieved employees of Defendants were subject to the same policies, practices, and procedures governing the control and payment of wages and hours worked and were denied specific rights afforded to them under the California Labor Code and applicable IWC Wage Order.

28. Plaintiff and other similarly situated and/or aggrieved employees of Defendants regularly worked shifts at least three and a half hours long and Defendants failed to authorize and permit them to take duty-free rest periods of at least 10 minutes for every four-hour work period, or major fraction thereof.

29. Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees were scheduled to work at posts where they were the only parking valet working at the time. Defendants required Plaintiff and the other similarly situated and/or aggrieved employees to remain at that post and be available to park and retrieve cars and perform other services. No one was available to relieve Plaintiff and other similarly situated and/or aggrieved employees for rest breaks when they were scheduled to work alone. When Plaintiff and other similarly situated and/or aggrieved employees were stationed at posts with other employees, they too were required to remain at or near their posts and respond to all customer needs as they arose throughout the workday. As such, they remained on-duty during the entirety of their shifts and were not authorized or permitted to take rest breaks.

30. For the same reasons that Plaintiff and other similarly situated and/or aggrieved employees were not authorized or permitted to take legally compliant rest breaks, they were not provided legally compliant meal breaks. Plaintiff and other similarly situated and/or aggrieved employees were required to remain at or near their posts and respond to all customer needs at all times during their shifts, including meal breaks. In

7

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

addition, during instances when Plaintiff and other similarly situated and/or aggrieved employees were stationed at a post alone, there were no other employees available to relieve them during breaks.

31.    On information and belief, Defendants did not have a valid written meal or rest period policy applicable to Plaintiff and other similarly situated and/or aggrieved employees.  Further, due to the scheduling of parking valets and Defendants' requirements, Plaintiff and other similarly situated and/or aggrieved employees were required to forego meal and rest periods.

32.    Defendants failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees a premium wage equivalent to one hour of pay at their regular rate of pay for all the times that Defendants failed to authorize and permit them to take duty-free rest periods in accordance with the Rest Periods section of the applicable IWC Wage Order and Labor Code section 226.7. Defendants also failed to pay Plaintiff and other similarly situated and/or aggrieved employees a premium wage equivalent to one hour of pay at their regular rate of pay for all the times that Defendants failed to provide them duty-free meal periods in accordance with the Meal Periods section of the applicable IWC Wage Order and Labor Code sections 512 and 226.7.

33.    Defendants had the policy, pattern and practice of not compensating Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees for meal and rest period premiums when meal and rest periods were not provided as required under Labor Code section 226.7.

34.    Plaintiff and similarly situated and/or aggrieved employees were required to perform duties either before clocking out at the beginning of their shift or after clocking out at the end of their shift. For example, Plaintiff and similarly situated and/or aggrieved employees would not be able to clock in for work until after they had already begun performing duties. Plaintiff and similarly situated and/or aggrieved employees would clock in for work using a mobile phone application. However, very often the mobile application did not work, and they were not permitted to clock in at the time they started working.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

Plaintiff and similarly situated and/or aggrieved employees would further arrive at the worksite and find customers waiting for them when they arrived. They were then required to greet the customers and check them in before they had the opportunity to clock for work. In addition, Plaintiff and similarly situated and/or aggrieved employees would be required to set up the workstations prior to clocking in. Plaintiff and similarly situated and/or aggrieved employees would arrive at the job site, greet and assist any customers that were waiting for them, clear the parking lanes for the valet parking area, obtain keys, tags, and cell phone devices used for checking in customers all before clocking in for work. As a result, Plaintiff and similarly situated and/or aggrieved employees would frequently be required to perform duties for several minutes prior to clocking in.

35.     As previously mentioned, Plaintiff and similarly situated and/or aggrieved employees were required to remain on-duty during their meal breaks, because they were required to remain at or near their posts and respond to all customer needs at all times during their shifts. As such, the meal periods of Plaintiff and similarly situated and/or aggrieved employees was compensable hours worked. Nevertheless, Plaintiff and similarly situated and/or aggrieved employees would clock out during their on-duty meal breaks. Therefore, Plaintiff and similarly situated and/or aggrieved employees performed duties off-the-clock for which they should have been compensated but were not.

36.     As a result of the foregoing, Plaintiff and similarly situated employees and/or aggrieved employees did not receive the statutory minimum wage for all time they were suffered or permitted to work because they were not properly compensated at minimum wage for all hours worked. Plaintiff and, on information and belief, similarly situated and/or aggrieved employees worked in excess of eight hours in a workday or forty hours in a workweek. As such, Defendants further failed to provide them with overtime compensation for all hours worked.

37.     As a direct result of Defendants' illegal policies and procedures, Defendants failed to maintain accurate records reflecting all of Plaintiff's and other similarly situated employees' time worked and wages paid, in violation of California law.

38.     As a direct result of the Defendants' illegal policies and procedures, Defendants intentionally and knowingly failed to provide Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with accurate itemized wage statements as required by Labor Code section 226. Defendants failed to maintain accurate records reflecting all of Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees' correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and meal and rest period premiums owed. Therefore, the wage statements issued by Defendants did not include the correct amount of gross and net wages earned as required under Labor Code section 226.

39.     In addition, Defendants failed to provide Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees with suitable seats even though the nature of the work reasonably permitted the use of seats. The duties of a parking valet permits permitted them to use a seat; nonetheless, Defendants failed to provide such seating as required under Labor Code section 1198 and section 14 of Applicable IWC Wage Order.

40.     Plaintiff asserts that Defendants had, and continue to have a policy, practice, procedure, guideline and/or culture of instituting a tip pool. Defendants did not have a written tip pool agreement, and Plaintiff further alleges that Defendants did not distribute tips in a fair and reasonable manner.

41.     Plaintiff also asserts that Defendants' tip pool policy, practice, procedure, guideline and/or culture is unlawful and improper because Defendants improperly share tips earned by valets with owners, managers, agents, and/or supervisors of Defendants in violation of Labor Code section 351. As a result of Defendants' unlawful and improper tip pooling policy, practice, procedure, guideline and/or culture, Plaintiff and other similarly situated and/or aggrieved employees, were not timely paid all gratuities given to them by patrons.

42.     Plaintiff further alleges that Defendants did not, and do not have a policy, practice, procedure, guideline and/or culture of maintaining accurate records of all gratuities received in violation of California law.

43.     Plaintiff and other similarly situated and/or aggrieved employees were stationed at a valet stand. Their duties included checking customers in/out, inputting data, waiting for customers to arrive, and parking and retrieving cars. The tasks performed by parking valets at the valet stand reasonably permitted the use of seats. Plaintiff and other similarly situated and/or aggrieved employees purchased a chair for the valet stand with their own money after Defendants failed to provide suitable seating. Defendants, however, removed that chair and refused to allow Plaintiff and other similarly situated and/or aggrieved employees to use a seat, in violation of the California Labor Code and the applicable IWC Wage Order.

44.     Defendants maintained a pattern and practice of failing to timely pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees' wages due and owing, as required by Labor Code sections 201 and 202. Defendants failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees' wages due and owing at the time of separation of employment because Defendants willfully failed to pay Plaintiff and, on information and belief, other similarly situated and/or aggrieved employees for all hours worked and all meal and rest period premium wages owed upon their separation of employment.

45.     Plaintiff is informed and believes that Defendants maintained a pattern and practice of failing to pay Plaintiff and other similarly situated and/or aggrieved employees all wages due and owing during their employment within the time specified by Labor Code section 204 because Defendants failed to pay Plaintiff and other aggrieved employees all meal and rest period premium wages.

46.     Defendants engaged in retaliation against Plaintiff and wrongfully took adverse employment action against him in violation of Labor Code section 1102.5. On information and belief, Defendants collected, took, or received gratuity or a part thereof that was paid, given to, or left for Plaintiff and other similarly situated and/or aggrieved employees by patrons. Plaintiff and other similarly situated and/or aggrieved employees pooled tips, which were later distributed to all parking valets working during that shift

11

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

based on the total number of hours they worked during the shift. Defendants employed a manager at the parking location where Plaintiff worked by the name of Josh Baker. After Baker began working as a manager, he began participating in the tip pool with the parking valets he managed. On information and belief, at no time did Baker spend the majority of his time doing the same work as parking valets, and most of his time was spent on administrative tasks. Nonetheless, Baker's title was changed from manager to valet lead, even though his position did not otherwise change, as an excuse to justify Baker's participation in the tip pool. On information and belief, Baker would exaggerate the hours he worked performing duties as a parking valet, in order to receive a higher portion of the tip pool. Baker would further, on information and belief, record that he worked at multiple locations at the same time or at locations where he was not working, so that he could participate in multiple tip pools at the same time.

47.     Plaintiff brought his concerns regarding his belief that Baker was unlawfully stealing tips to multiple management level employees. Plaintiff initially made his first complaint to one of Defendants' regional managers. The regional manager failed to take any action to investigate the matter and instead accused Plaintiff of making false accusations. Plaintiff then spoke to the regional manager's supervisor and the head of Defendants' Human Resources in order to share the same complaints. After complaining about what Plaintiff believed was the unlawful theft of tips, Defendants then began swiftly retaliating against him in several ways.

48.     After complaining about what Plaintiff believed was his manager's theft of tips, and as a direct and proximate result of said complaints, Defendants immediately retaliated against Plaintiff. For example, the tone and tenor of Plaintiff's supervisors became hostile during subsequent interactions. Baker began overseeing Plaintiff's work intensively by double checking everything he did, and Baker was overly critical of everything Plaintiff did. Defendants began to reduce Plaintiff's schedule by cutting his hours and the days he worked. Baker began switching the location where Plaintiff worked and the days he was scheduled to work without informing Plaintiff of the change.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

49.    Furthermore, Defendants began writing up Plaintiff and suspended him without pay for pretextual offenses. For example, Plaintiff was written up and suspended without pay for switching his shift with another employee, when such conduct was common place and expressly permitted by Defendants. The work conditions, including the lack of suitable seating, were so intolerable that Plaintiff had no alternative but to resign.

50.    Due to the foregoing Labor Code violations, Defendants denied Plaintiff and other similarly situated and/or aggrieved employees certain rights afforded them under the California Labor Code and IWC Wage Orders. Plaintiff makes these claims against Defendants on behalf of himself and all other current and former similarly situated and/or aggrieved employees of the Defendants in California.

**IV.**

**PRIVATE ATTORNEYS GENERAL ACT ("PAGA") REPRESENTATIVE**
**ACTION DESIGNATION**

51.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

52.    The Causes of Action alleged herein are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") action because:

      a)    Pursuant to California Labor Code  § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of the California Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and all other current or former employees pursuant to the procedures specified in § 2699;

      b)    This action involves allegations of violations of provisions of the California Labor Code that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any departments,

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

divisions, commissions, boards, agencies or employees;

c)   Plaintiff is an "aggrieved employee" because he was employed by the alleged violators and had one or more of the alleged violations committed against him;

d)   On February 28, 2019, Plaintiff satisfied the procedural requirements of § 2699.3 by serving the LWDA electronically and Defendants AMERIPARK, LLC via Certified Mail with the notice for wage and hour violations and penalties, including the facts and theories to support each violation.  A true and correct copy of Plaintiff's notice and proof of service is attached as **Exhibit A**; and

e)   More than 65 days have passed since Plaintiff served notice via Certified Mail to the LWDA and his employer. Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code § 2698, *et seq*.

53.   Plaintiff files this action pursuant to Labor Code § 2699(a) and (f), on behalf of himself and all other aggrieved employees of Defendants to recover civil penalties, including unpaid wages, which are to be paid to the affected employees pursuant to Labor Code §§ 558 and 1197.1.

54.   Defendants were Plaintiff's and aggrieved employees' employer or person acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, is subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

55.   Plaintiff seeks to recover all applicable civil penalties under PAGA on behalf on himself and all other aggrieved employees of Defendants in California, including, but not limited to, all unpaid and/or underpaid wages pursuant to Labor Code § 558.

# V.  CLASS ACTION DESIGNATION

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

56.    Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

57.    Plaintiff brings Causes of Action One through Eight as a Class Action pursuant to Federal Rules of Civil Procedure, Rule 23 on behalf of himself and all current and former similarly situated employees of Defendants.

58.    Plaintiff seeks to represent the following Class, which is defined as:

**The Parking Valet Class**:

"All current and former non-exempt employees who worked for Defendants in the State of California and who performed parking valet duties at any time from four years prior to the filing of this Complaint through the present."

59.    Plaintiff also seeks to represent the following Subclass, which is defined as:

**The Waiting Time Penalties Subclass:**

"All members of the Parking Valet Class, whose employment with Defendants ended at any time from three year priors to the filing of this Complaint through the present."

60.    **Reservation of Rights**: Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or limitation to particular issues.

61.    Causes of Action One through Eight are appropriately suited for a class action pursuant to § 382 of the Code of Civil Procedure because the following requirements are met:

A.    **Numerosity**

The members of the Class and Subclasses are sufficiently numerous to render the joinder of all their members impracticable.  While Plaintiff has not yet determined the precise number of members of the Class and Subclasses, Plaintiff is informed and believes that the Class and Subclasses likely consist of over 25 individuals.  Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

Defendants' time and payroll records and other personnel records.

**B.    Commonality and Predominance**

Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclasses.  The common questions of law and fact that predominate include, but are not limited to:

a.    Whether Defendants failed to permit Class members to take off-duty meal periods of at least 30 minutes for every five hours worked;

b.    Whether Defendants failed to permit Class members to take off-duty rest periods of at least 10 minutes for every four hours worked, or major fraction thereof;

c.    Whether Defendants failed to pay one additional hour of pay at the employees' regular rate of compensation to Class members when they were not provided with compliant and timely off-duty meal and rest periods;

d.    Whether Defendants failed to provide Class members with accurate itemized wage statements showing, among other things, the number of hours worked and the correct amount of gross and net wages earned;

e.    Whether Defendants failed to provide compensation to Class members for all time worked, including all minimum, regular, and overtime wages;

f.    Whether Defendants failed to pay Waiting Time Penalties Subclass members all of their wages owed within the required time frames upon separation of employment;

g.    Whether Defendants' tip pooling policies and practice deprived Class Members of all gratuities to which they were entitled; and

h.    Whether Defendants failed to indemnify Class members for necessary business expenses incurred in direct consequence of the discharge of their duties.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

**C.    Typicality**

Plaintiff's claims are typical of the claims of all class members because Plaintiff and all class members' claims arise from the same event, practice and/or course of conduct of Defendants.  Plaintiff and all class members sustained injuries and damages as a result of Defendants' illegal policies, practices and/or common course of conduct in violation of California wage and hour laws and/or illegal, unfair, or fraudulent business practices.

Furthermore, Plaintiff's claims under the Labor Code and the applicable IWC Wage Order are typical of the Class and Subclasses because Defendants' failure to comply with the provisions of California's wage and hour laws entitles Plaintiff and each class member to similar pay, benefits, and other relief.  Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiff and all class members are the same.

**D.    Adequacy of Representation**

Plaintiff has no fundamental conflict of interest with the Class or Subclasses he seeks to represent.  Plaintiff will adequately protect the interests of all class members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and putative class members.

Plaintiff retained attorneys who are experienced employment law litigators with significant wage and hour and class action experience.

**E.    Superiority of Class Action**

Plaintiff believes a class action is a superior method of litigation for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable.  Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

Plaintiff knows of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

## VI.  CAUSES OF ACTION

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

# FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

(Violation of Labor Code sections 226.7, 558, and 1198 and

the "Rest Periods" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and On Behalf of The Parking Valet Class Against

Defendants)

62.    Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

63.    Plaintiff and Parking Valet Class members were and are non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

64.    Labor Code section 226.7 requires employers, including Defendants, to provide to their non-exempt employees, including Plaintiff, paid rest periods as mandated by the IWC Wage Orders.

65.    Labor Code section 1198 states that the "maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

66.    The "Rest Periods" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  … The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  It further states, "[r]est periods need not be authorized in limited circumstances when the disruption of continuous operations would jeopardize the product or process of the work.  However, the employer shall make up the missed rest period within the same workday or compensate the employee for the missed ten (10) minutes of rest time at his/her regular rate of pay within the same pay period."

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

67.    On information and belief, Plaintiff and the Parking Valet Class were subject to the same policies, practices, and procedures governing the provision and scheduling of rest periods.

68.    Plaintiff and, on information and belief, the Parking Valet Class were not authorized and permitted to take compliant rest periods because they were scheduled to work at posts where they were the only parking valet working at the time. Defendants required Plaintiff and Parking Valet Class members to remain at that post and be available to park or retrieve cars. No one was available to relieve Plaintiff and Parking Valet Class members for rest breaks when they were scheduled to work alone. As such, they remained on-duty during the entirety of their shifts and were not authorized or permitted to take rest breaks. Thus, as a result of Defendants' policies, Plaintiff's and Parking Valet Class members' rest periods were on-duty.

69.    Labor Code section 226.7(c) states, "[i]f an employer fails to provide an employee a … rest … period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the …. rest … period is not provided."

70.    Even though Plaintiff and, on information and belief, Parking Valet Class members were not authorized and permitted to take off-duty rest periods, Defendants did not pay Plaintiff and the Parking Valet Class appropriate rest period premium wages for each day in which Defendants did not authorize and permit Plaintiff and the Parking Valet Class to take compliant rest periods, in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

71.    On information and belief, Defendants have a common policy, pattern, and practice of failing to compensate Plaintiff and the Parking Valet Class with an hour of pay

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

at their regular rate of pay for the times that Plaintiff and the Parking Valet Class were not authorized to take rest periods of at least 10 minutes for each four-hour work period, or major fraction thereof.

72. Plaintiff and the Parking Valet Class suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each day a rest period was not provided and the associated use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code and IWC Wage Order violations.

73. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, and interest, to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## <u>SECOND CAUSE OF ACTION</u>

### **FAILURE TO PROVIDE MEAL PERIODS**

(Violation of Labor Code §§ 226.7, 512, and 1198 and the "Meal Periods" section of the Applicable IWC Wage Order)

(Alleged By Plaintiff Individually and On Behalf of the Parking Valet Class Against Defendants)

74. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

75. Labor Code § 512(a) provides, in part, that employers, including Defendants, "may not employ an employee for a work period of more than five hours per day without providing an employee with a meal period of not less than 30 minutes" and "may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

76. Labor Code § 226.7 requires that employers, including Defendants, provide their employees with meal periods as mandated by the applicable Wage Order of the Industrial Welfare Commission, and prohibits employers from requiring any employee "to work during any meal … period mandated by an applicable order of the Industrial Welfare Commission." Labor Code § 226.7(c) states, "[i]f an employer fails to provide an

employee a meal … period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal … period is not provided."

77.    Labor Code § 1198 states that the "maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

78.    The "Meal Periods" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." It further states, "[a]n employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of employer and employee only if the first meal period was not waived."

79.    The "Meal Periods" section of the applicable IWC Wage Order further states, "[u]nless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

80.    The "Meal Periods" section of the applicable IWC Wage Order also states, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period

21

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

is not provided."

81.    On information and belief, Plaintiff and the Parking Valet Class were subject to the same policies, practices, and procedures governing the provision and scheduling of meal periods.

82.    On information and belief, Defendants have a pattern and practice of not providing Plaintiff and the Parking Valet Class with legally compliant 30-minute off-duty meal periods during their shifts, even though they work more than six (6) hours during their workday.

83.    Plaintiff and, on information and belief, the Parking Valet Class members did not sign a valid on-duty meal period agreement at any point during their employment with Defendants.

84.    Plaintiff and, on information and belief, the Parking Valet Class worked more than six (6) hours per day and do not properly waive any of their meal periods.

85.    Plaintiff and, on information and belief, the Parking Valet Class were unable to take compliant meal periods because they were regularly required to remain on-duty and continue working though their meal periods. Although the nature of Plaintiff's and, on information and belief, Parking Valet Class members' work does not require them to take on-duty meal periods, Defendants' work requirements make it so that they are not relieved of all duties.

86.    Therefore, as a result of Defendants' conduct, including the conduct alleged herein, Defendants violate Labor Code §§ 226.7, 512, and 1198, as well as the applicable IWC Wage Order when Defendants fail to provide Plaintiff and the Parking Valet Class members a 30-minute, duty-free meal period before the commencement of their sixth hour of work.

87.    Consequently, pursuant to Labor Code § 226.7(b) and the "Meal Periods" section of the Wage Order, Defendants are required to pay Plaintiff and the Parking Valet Class one additional hour of pay at their regular rate of compensation for each day that Defendants do not provide Plaintiff and the Parking Valet Class with a 30-minute, duty-

free meal period before the commencement of their sixth hour of work.

88.     Despite this obligation, Defendants do not always pay Plaintiff and, on information and belief, the Parking Valet Class one additional hour of pay at each employee's regular rate of compensation for each day that Defendants do not provide Plaintiff and the Parking Valet Class with a 30-minute, duty-free meal period before the commencement of their sixth hour of work.

89.     Instead, on information and belief, Defendants had a common policy and practice of failing to compensate Plaintiff and the Parking Valet Class with an hour of pay at their regular rate of pay for the times that Defendants do not provide Plaintiff and the Parking Valet Class with a 30-minute, duty-free meal period before the commencement of their sixth hour of work, as required by Labor Code § 226.7(b) and the IWC Wage Order.

90.     Thus, on information and belief, Defendants intentionally refuse to perform their obligations to provide meal periods and further fail to compensate Plaintiff and the Parking Valet Class with all owed meal premium wages as set forth by Labor Code § 226.7(b) and the IWC Wage Order.

91.     Plaintiff and the Parking Valet Class suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each day a legally compliant meal period is not provided and the associated use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code and IWC Wage Order violations.

92.     Plaintiff seeks all available remedies for Defendants' violations, including, but not limited to, all wages due, monies, and interest to the extent permitted by law.

WHEREFORE, Plaintiff pray for relief as hereinafter requested.

## **THIRD CAUSE OF ACTION**

### **FAILURE TO PAY MINIMUM AND REGULAR WAGES**

(Violation of Labor Code §§ 1194, 1197, and 1198 and the "Minimum Wages" section of the

Applicable IWC Wage Order)

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

(Alleged by Plaintiff Individually and on Behalf of the Parking Valet Class Against Defendants)

93.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

94.    Labor Code § 1197 provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum wage so fixed is unlawful."

95.    The "Minimum Wages" section of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum for all hours worked.

96.    The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

97.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

98.    Defendants failed to pay Plaintiff and, on information and belief, the Parking Valet Class at least minimum wage for all the time spent working and under the control of Defendants.

99.    Labor Code § 1194 provides, in part, that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

100.    Labor Code § 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code § 1194.

101.    Plaintiff and the Parking Valet Class suffered and continue to suffer losses

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

102.    Plaintiff seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, monies, interest, liquidated damages, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

(Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and on Behalf of the Parking Valet Class Against Defendants)

103.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

104.    Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."  The "Hours and Days of Work" section of the applicable IWC Wage Order mandate the same requirements.

105.    Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

106.   Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

107.   The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

108.   In California, overtime is computed based on the regular rate of pay.  The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

109.   Plaintiff and, on information and belief, the Parking Valet Class regularly worked over eight hours per day and 40 hours per week while employed by Defendants. Plaintiff and, on information and belief, the Parking Valet Class did not receive all overtime compensation owed for all overtime hours worked over eight hours per day and/or 40 hours per week, and/or for every hour worked during the seventh day of work, at the applicable overtime rate during their employment with Defendants.

110.   Defendants failed to pay Plaintiff and, on information and belief, the Parking Valet Class at the proper overtime rate for all the time spent working and under the control of Defendants. Defendants failed to include all forms of compensation when calculating the regular rate of pay for purposes of calculating overtime. Defendants also failed to pay overtime compensation for all overtime hours worked over eight hours per day and/or 40 hours per week.

111.   Plaintiff and the Parking Valet Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

112.   In addition, Defendants' failed to include all different types of remuneration when computing the rate of overtime compensation.

113.   Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

(Violation of Labor Code sections 226 and 1198 and

the "Records" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and On Behalf of The Parking Valet Class Against

Defendants)

114.   Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

115.   Plaintiff and Parking Valet Class members were and are non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

116.   Labor Code section 226(a) requires that employers, including Defendants, furnish their employees with each wage payment an accurate and itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number or his or her employee identification number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

117.   Labor Code section 226(e), in part, permits employees suffering injury to collect the greater of all actual damages or the amount specified in Labor Code section 226 per violation.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

118.   Labor Code section 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."

119.   Labor Code section 226(h) states, "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

120.   Because of the Defendants' illegal policies and procedures, Defendants failed to provide Plaintiff and Parking Valet Class members with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued did not include the correct amount of gross and net wages earned as required under Labor Code section 226.

121.   Defendants knowingly and intentionally failed to provide Plaintiff and Parking Valet Class members an accurate itemized wage statement with each wage payment as required by Labor Code section 226(a). Defendants knowingly and intentionally failed to provide Plaintiff and members of the Parking Valet Class with each wage payment an accurate wage statement showing, among other things, the gross and net wages earned.

122.   Defendants' failure to provide accurate wage statements deprived Plaintiff and members of the Parking Valet Class of the ability to promptly and easily understand and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants. Plaintiff and members of the Parking Valet Class, therefore, had no way to dispute any error in the payment or calculation of their wages, all of which resulted in an unjustified economic enrichment to Defendants, and Plaintiff and members of the Parking

28

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

Valet Class suffered actual damages as a result.

123.   Defendants' failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code section 226(e)(2)(B). Therefore, Plaintiff and members of the Parking Valet Class have suffered an injury for purposes of Labor Code section 226 and are entitled to recover the greater of all actual damages or the amount specified in section 226 per violation.

124.   Plaintiff and Parking Valet Class members suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendants' Labor Code violations, including lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations, in an amount to be shown according to proof at trial.

125.   Plaintiff seeks to recover all available remedies including, but not limited to damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SIXTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violations of Labor Code sections 201, 201, 203, 226.7, 510, 512, 1194, 1198, and the "Meal Periods" and "Rest Periods" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and On Behalf of The Waiting Time Penalties Subclass Against Defendants)

126.   Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

127.   Plaintiff and Waiting Time Penalties Subclass members were and are non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

128.   The "Rest Periods" section of the applicable IWC Wage Order states that "If

29

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

129.   The "Meal Periods" section of the applicable IWC Wage Order also states, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

130.   Labor Code section 201 requires Defendants to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  Labor Code section 202 requires Defendants to pay any and all wages due and owing to an employee not having a written contract for a definite period, who quits his or her employment, within 72 hours of the employee quitting his or her employment, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

131.   Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

132.   For violation of Labor Code sections 201 and 202, Labor Code section 203 causes the unpaid wages of an employee to continue as a penalty from the due date thereof, at the same rate until paid or until an action is commenced, but the wages shall not continue for more than 30 days.

133.   As a result of Defendants' conduct during the applicable statutory period, Defendants willfully failed to pay Plaintiff and, on information and belief, the Waiting

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

Time Penalties Subclass all wages due and owing to them, including all rest period premiums owed within the time required by Labor Code sections 201 and 202, as applicable.

134.   To date, Plaintiff has not yet received all wages due and payable, including but not limited to, rest period premium wages owed to him.  On information and belief, members of the Waiting Time Penalties Subclass have not yet received all rest premium wages due and owed to them.

135.   As a direct result of Defendants' violations alleged herein, Plaintiff and the Waiting Time Penalties Subclass members suffered and continue to suffer losses related to the use and enjoyment of wages due and owing to them, all to their respective damage in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

136.   Plaintiff seeks all available remedies for Defendants' violations to the fullest extent permissible.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SEVENTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

(Violation of Labor Code section 2802)

(Alleged by Plaintiff Individually and On Behalf of The Parking Valet Class Against Defendants)

137.   Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

138.   Labor Code section 2802 requires an employer to indemnify their employees for all necessary expenditures or losses incurred by an employee in direct consequence of the discharge of his or her duties of employment.

139.   Labor Code section 2802(b) states, "[a]ll awards made by a court … for reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in civil actions, and said interest will accrue from the date on which the

31

employee incurred the necessary expenditure including, but not limited to, reasonable costs and attorney's fees incurred by the employee in enforcing their rights granted pursuant to Labor Code section 2802. The exact amount of the necessary expenditures or losses is in an amount to be proven at time of trial.

140.   Furthermore, Labor Code section 2802(c) states, "[f]or the purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

141.   Plaintiff and, on information and belief, members of the Parking Valet Class incurred business expenses in direct consequence of their job duties through the use of their personal cell phones. On information and belief, Plaintiff and the Parking Valet Class were required to use their personal cell phone to clock in and clock out for work. Despite Defendants' knowledge that Plaintiff and members of the Parking Valet Class were using their personal cell phones for work related purposes, Defendants failed to provide appropriate reimbursement for these expenses, in violation of Labor Code section 2802.

142.   As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Parking Valet Class suffered and continue to suffer, substantial losses related to Defendants' failure to indemnify them for the expenses and losses, including the use and enjoyment of such monies, lost interest on such monies and expenses, and attorney's fees and costs in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

143.   Plaintiff seeks to recover in a civil action to the fullest extent permissible all available remedies including but not limited to the unpaid balance of the indemnification from Defendants' violations, interest thereon permitted by Labor Code section 2802(b), reasonable attorney's fees and costs of suit, declaratory relief, and any other permitted remedies including those permitted pursuant to Labor Code sections 2802. The exact amount of reimbursements, interest, costs and attorney's fees will be in an amount to be

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

proved at time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *ET SEQ.*

(Alleged by Plaintiff Individually and On Behalf of The Parking Valet Class Against Defendants)

144. Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

145. California Business & Professions Code section 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

146. Defendants' Labor Code and IWC Wage Order violations alleged herein constitute "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and Professions Code sections 17200-17208 and include, but are not limited to: (i) failure to provide proper meal and rest periods and pay Plaintiff and the Parking Valet Class premium wages for failure to provide compliant meal and rest periods; (ii) failure to compensate Plaintiff and the Parking Valet Class for hours worked, thereby failing to compensate them for all minimum, regular, and overtime wages due; (iii) failure to indemnify Plaintiff and the Parking Valet Class for necessary business expenses incurred in direct consequence of the discharge of their duties and under the direction of Defendants; (iv) failure to provide Plaintiff and the Parking Valet Class with accurate itemized wage statements; (v) maintaining a tip pooling policy and practice that unlawfully and improperly shared tips earned by Plaintiff and the Parking Valet Class with Defendants' owners, managers, and supervisors; (vi) failure to maintain accurate records of all gratuities received by Plaintiff and the Parking Valet Class; and (vii) failure to timely pay Plaintiff and members of the Waiting Time Penalties Subclass all wages owed upon separation of their employment with Defendants.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

147.   California Labor Code section 353 provides, "Every employer shall keep accurate records of all gratuities received by him, whether received directly from the employee or indirectly by means of deductions from the wages of the employee or otherwise."

148.   California Labor Code section 351 provides, "Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for."

149.   California Labor Code section 351 further provides, "No employer or agent shall collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity..."

150.   Plaintiff asserts that Defendants had, and continue to have a policy, practice, procedure, guideline and/or culture of instituting a tip pool. Defendants did not have a written tip pool agreement, and Plaintiff further alleges that Defendants did not distribute tips in a fair and reasonable manner.

151.   Plaintiff also asserts that Defendants' tip pool policy, practice, procedure, guideline and/or culture is unlawful and improper because Defendants improperly share tips earned by valets with owners, managers, agents, and/or supervisors of Defendants. As a result of Defendants' unlawful and improper tip pooling policy, practice, procedure, guideline and/or culture, Plaintiff and other similarly situated and/or aggrieved employees, were not timely paid all gratuities given to them by patrons.

152.   Plaintiff further alleges that Defendants did not, and do not have a policy, practice, procedure, guideline and/or culture of maintaining accurate records of all gratuities received in violation of California law.

153.   Defendants intentionally avoided paying Plaintiff and the Parking Valet Class all wages and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially lower cost of doing business, and thus, undercut its competitors.

154.   Defendants lowered the costs of doing business by paying Plaintiff and the

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

Parking Valet Class an amount less than what is required by the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and other similarly situated employees to perform work without fair compensation and benefits.

155.    Defendants held themselves out to Plaintiff and the Parking Valet Class as being knowledgeable about, and adhering to, the employment laws of California at all times relevant herein.  Plaintiff and the Parking Valet Class relied on and believed in Defendants' representation concerning Defendants' adherence to the California laws, all to their detriment.

156.    Defendants' scheme to lower their payroll and operation costs and thus profit, by withholding money owed to the class and withholding wages, tips, compensation and benefits, which are all the property of Plaintiff and the Parking Valet Class, in violation of the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code section 17200, *et seq.*  As a result of Defendants' unfair competition, Plaintiff and the Parking Valet Class suffered injury in fact by losing money and/or property.

157.    Business and Professions Code section 17204, states, in relevant part, "[a]ctions for relief pursuant to this chapter shall be prosecuted…by…a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

158.    Defendants acquired money and property owed to Plaintiff and the Parking Valet Class by means of an unlawful practice that constitutes unfair competition as defined by Business and Professions Code section 17200, *et seq.*

159.    Plaintiff and the Parking Valet Class are persons in interest under Business and Professions Code section 17203 to whom money and property should be restored. Business and Professions Code section 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204."

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

160.   Plaintiff is a person who suffered injury in fact and lost money, wages, tips, compensation, and benefits, as a result of Defendants' unfair competition.  Thus, pursuant to Business and Professions Code sections 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of himself and the putative classes.

161.   Pursuant to Business and Professions Code section 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

162.   Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Parking Valet Class by committing the unlawful acts alleged herein.   Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code section 17203, and restore all unpaid wages to Plaintiff and the Parking Valet Class.

163.   Plaintiff and the Parking Valet Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

164.   Plaintiff seeks all available remedies on behalf of himself and on behalf of the Parking Valet Class, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial.  All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code section 17205.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## NINTH CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

(Violation of Labor Code § 1102.5)

(Alleged By Plaintiff Individually Against Defendants)

165.   Plaintiff hereby incorporates by reference all preceding paragraphs set forth

36

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

above as though fully set forth herein.

166.   The misconduct of Defendants in causing the constructive termination of Plaintiff on the basis of Plaintiff's reporting what he believed to be the violations of tip pooling law and his supervisor's theft of tips violated the public policy of the State of California embodied in:

   a.   *Tameny v Atlantic Richfield Co.* (1980) 27 Cal 3d 167;

   b.   The public policies set forth in the California Labor Code section 1102.5, prohibiting any person, including Defendants, from retaliating against an employee for disclosing information to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of or noncompliance with a local, state, or federal rule or regulation.

   c.   California Business and Professions Code §17200, *et seq.*, which prohibits any unlawful, unfair or fraudulent business act or practice; and

   d.   All other state and federal statutes, regulations, administrative orders and ordinances which effect society at large and which discovery will reveal were violated by all Defendants.

167.   Plaintiff reported to Defendants what he reasonably believed to be unlawful activities. Said unlawful activities include:

   a)   His supervisor's theft of tips through his supervisor's participation in valet tip pool; and

   b)   His supervisor's theft of tips through his supervisor's participation in multiple tips pools and/or for hours that his supervisor did not work, which had the effect of diluting the tip pool and allowing his supervisor to take additional tips in a manner that was disproportionate to other employees.

168.   Plaintiff's complaints regarding this belief that his supervisor violated the tip pooling laws and stole tips were a substantial motivating reason for Defendants' actions.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

These actions by Defendants included, but are not limited to, treating Plaintiff in a hostile manner during subsequent interactions and intensively, double checking everything Plaintiff did in an overly critical manner. Defendants further reduced Plaintiff's schedule by cutting his hours and the days he worked. Defendants began switching the location where Plaintiff worked and the days he was scheduled to work without informing Plaintiff of the change. Furthermore, Defendants began writing up Plaintiff and suspended him without pay for pretextual offenses.

169.    As a result of the Defendant's retaliatory conduct, including suspending Plaintiff without pay, and the lack of suitable seating, the working conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

170.    Defendant intentionally created or knowingly permitted these working conditions.

171.    Plaintiff resigned because of these working conditions.

172.    As a legal (proximate) result of Defendants' actions against Plaintiff, Plaintiff has been harmed in that he has suffered the loss of wages, salary, benefits, raises, retirement, and additional amounts of money Plaintiff would have received had Plaintiff been retained in Plaintiff's position. Plaintiff has been damaged according to proof at trial.

173.    On information and belief, Defendants' conduct was malicious, fraudulent and/or oppressive and done with reckless disregard for Plaintiff's rights.

174.    Defendants' conduct in confirming, ratifying and approving the conduct of its management employees was done with the knowledge that it would cause Plaintiff severe emotional distress and hardship and was done with a wanton and reckless disregard of the consequences to Plaintiff.

175.    As a further legal (proximate) result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of employment-related opportunities and experience in the position which Plaintiff would have garnered. Plaintiff has been damaged according to proof at trial.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

176.   As a further legal (proximate) result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered and continues to suffer humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. Plaintiff has been damaged in an amount according to proof at trial.

177.   As a result of Defendants actions, Plaintiff suffered special and general damages.

178.   In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## TENTH CAUSE OF ACTION

## UNLAWFUL RETALIATION

(Violation of Labor Code § 1102.5)

(Alleged By Plaintiff Individually Against Defendants)

179.   Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

180.   Labor Code § 1102.5 provides that any employer, or any person acting on behalf of the employer shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a person with authority over the employee, or to another employee who has authority to investigate, discovery, or correct the violation or noncompliance. An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discovery, or correct the violation, if the employee has reasonable cause to believe that the information discloses a violation of state of federal statute, regardless of whether disclosing the information is part of the employee's job duties.

181.   Plaintiff is informed and believes, and thereon alleges, Defendants retaliated

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

against Plaintiff for reporting what he reasonably believed to be unlawful activity. Said unlawful activity includes:

    a) His supervisor's theft of tips through his supervisor's participation in valet tip pool; and

    b) His supervisor's theft of tips through his supervisor's participation in multiple tips pools and/or for hours that his supervisor did not work, which had the effect of diluting the tip pool and allowing his supervisor to take additional tips in a manner that was disproportionate to other employees.

182. Defendants retaliated against Plaintiff by initially treating Plaintiff in a hostile manner during subsequent interactions and intensively, double checking everything Plaintiff did in an overly critical manner. Defendants further reduced Plaintiff's schedule by cutting his hours and the days he worked. Defendants began switching the location where Plaintiff worked and the days he was scheduled to work without informing Plaintiff of the change. Furthermore, Defendants began writing up Plaintiff and suspended him without pay for pretextual offenses.

183. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this court.

184. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

185. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all adding to the Plaintiff's damages in an amount to be proven at time of trial.

186. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

## ELEVENTH CAUSE OF ACTION

## PRIVATE ATTORNEYS GENERAL ACT OF 2004 CLAIM FOR CIVIL PENALTIES

(Violation of Labor Code §§ 2698 *et seq.*)

(Alleged By Plaintiff On Behalf of All Aggrieved Employees of Defendants Against All Defendants)

187.  Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

188.  Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

189.  This cause of action involves allegations of violations of Labor Code §§ 201, 202, 203, 204, 210, 226.3, 226.7, 351, 558, 558.1, 1102.5, 1194, 1198, and 2802, which, pursuant to Labor Code § 2699.5, provide for a civil penalty to be assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

190.  Defendants employed Plaintiff and Plaintiff had one or more of the alleged violations committed against him. Therefore, Plaintiff is an "aggrieved employee" under PAGA because the alleged violator employed him and he had one or more of the alleged violations committed against him. As such, Plaintiff is properly suited to represent the interests of other aggrieved employees in a PAGA Representative action.

191.  Plaintiff seeks to recover civil penalties, including underpaid wages pursuant to Labor Code § 558, on behalf of himself and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor

41

Code §226.7.

192.   For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code § 2699(f) imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

193.   Defendants violated Labor Code §§ 226.7 and 1198 by failing to authorize and permit Plaintiff and aggrieved employees to take duty-free meal and rest periods and by failing to pay them meal and rest period premium wages for each day a meal and/or rest period was not provided.  Under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

194.   Defendants violated Labor Code §§ 201, 202, and 1198 by not paying Plaintiff and aggrieved employees all meal and rest premium wages owed by the time set forth by law upon their separation of employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 201, 202, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

195.   Defendants violated Labor Code §§ 204 and 1198 by not paying Plaintiff and aggrieved employees all meal and rest premium wages owed by the time set forth by law during their employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 204 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

196.  Under Labor Code § 210(a), Defendants, in addition to, and entirely independent and apart from any other penalty, is subject to a civil penalty for failing to pay the wages of each aggrieved employee as provided in Labor Code § 204, as follows: (1)

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

For any initial violation, one hundred dollars ($100) for each failure to pay each aggrieved employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each aggrieved employee, plus 25 percent of the amount unlawfully withheld.  This amount shall be recovered on behalf of the Labor Commissioner.

197.   Defendants violated Labor Code §§ 226(a) by knowingly and intentionally failing to maintain and provide Plaintiff and other aggrieved employees of Defendants with wage statements itemizing accurately all information required by Labor Code § 226(a), as alleged herein, because the wage statements not include the correct amount of gross and net wages earned. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 226(a) and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

198.   Alternatively, Labor Code § 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of § 226.

199.   Defendants are and were Plaintiff's and other aggrieved employees' employers, or persons acting on their behalf, within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, is subject to civil penalties for each underpaid employee as set forth in Labor Code § 558.

200.   Labor Code § 558 also imposes upon Defendants for each initial violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $50.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period and/or required to work off the clock, as alleged herein. Furthermore, Labor Code § 558 imposes upon Defendants for each subsequent violation of the Hours and Days of Work section of the applicable

IWC Wage Order a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period and/or required to work off the clock, as alleged herein. As set forth in *Thurman v. Bayshore Transit Management*, 203 Cal.App.4th 1112, 1153 (2012), the Hours and Days of Work section of the Wage Order also covers failure to provide rest periods and Plaintiff may therefore recover civil penalties, including the underpaid wages, under Labor Code § 558 for each such violation.

201.    Section 14 of the applicable IWC Wage Order states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats. When the employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

202.    Defendants violated Labor Code section 1198 and section 14 of the applicable IWC Wage Order because Plaintiff and other aggrieved employees were not provided with suitable seats during their workday, even if they were not engaged in active duties and when the use of seats would not interfere with the performance of their job duties.

203.    Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of section 14 of the applicable IWC Wage Order and Labor Code § 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

204.    Labor Code section 351 makes it unlawful for an employer to collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron.

205.    Defendants violated Labor Code section 351 because Defendants improperly shared tips earned by valets with owners, managers, agents, and/or supervisors of Defendants. As a result of Defendants' unlawful and improper tip pooling policy, practice, procedure, guideline and/or culture, Plaintiff and other similarly situated and/or aggrieved

44

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

employees, were not timely paid all gratuities given to them by patrons.

206.    Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code section 351, and $200 for each aggrieved employee per pay period for each subsequent violation.

207.    Defendants violated Labor Code § 2802 because Defendant required Plaintiff and other aggrieved employees to use their personal cells to clock in and out for work. Nevertheless, Defendant failed to reimburse Plaintiff and aggrieved employees for this expense.

208.    Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §2802, and $200 for each aggrieved employee per pay period for each subsequent violation.

209.    Defendants violated Labor Code section 1102.5 when it retaliated against Plaintiff for disclosing information to a person with authority over Plaintiff or another employee who has the authority to investigate, discover, or correct the violation or noncompliance when Plaintiff had a reasonable cause to believe that his supervisor violated local, state, or federal law, rules or regulations.

210.    Thus, Defendants are subject to a civil penalty of up to $10,000 for it violation of Labor Code section 1102.5.

211.    For bringing this action, Plaintiff is additionally entitled to attorney's fees and costs incurred herein.

212.    Plaintiff seeks to recover civil penalties on behalf of himself and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code §§ 201, 202, 203, 204, 210, 226.3, 226.7, 351, 558, 558.1, 1102.5, 1194, 1198, and 2802, pursuant to Labor Code § 2698, *et seq*. The exact amount of the applicable penalties is in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

## PRAYER FOR RELIEF

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.    For general damages;

b.    For special damages;

c.    For punitive damages;

d.    For actual damages pursuant to Labor Code § 226(e);

e.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021, Labor Code §§ 226, 2802, and 2698, *et seq.*

f.    For civil and statutory penalties to the extent permitted by law, including those pursuant to the Labor Code, the Private Attorney General Act, and the Orders of the Industrial Welfare Commission;

g.    For penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid, and an amount sufficient to recover the underpaid wages pursuant to Labor Code §§ 226.7 and 558;

h.    For injunctive relief as provided by the Labor Code including but not limited to § 226(g) of the Labor Code, and Business and Professions Code §17200 *et seq.*;

i.    For restitution as provided by Business and Professions Code §17200 *et seq.*;

j.    For an order requiring Defendants to restore and disgorge all funds to Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §17200 *et seq*;

k.    For an award of damages in the amount of unpaid compensation and monies including, but not limited to actual damages, unpaid wages, waiting time penalties and other penalties according to proof, including interest thereon;

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

l.    For an award of an additional hour of pay at the regular rate of compensation pursuant to Labor Code §226.7(b) for each rest period not in accordance with an applicable Order of the Industrial Welfare Commission;

m.    For penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages pursuant to Labor Code §558;

n.    For waiting time penalties pursuant to Labor Code §203;

o.    For an order imposing a constructive trust upon the Defendants to compel them to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

p.    For an accounting to determine all money wrongfully obtained and held by Defendants;

q.    For indemnification of all losses incurred as a result of employment with Defendants, with interest;

r.    For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 226.8, 351, 510, 512, 1194, 1197, 1198, and 2802, and the "Hours and Days of Work," "Rest Periods," and "Seats" sections of the Wage Order of the Industrial Welfare Commission;

s.    For pre and post-judgment interest; and

t.    For such other relief as the Court deems just and proper.

Dated: October 29, 2020                 GRAHAM**HOLLIS** APC

By:  /s/ Nathan Reese
           GRAHAM HOLLIS
           NATHAN REESE
           Attorneys for Plaintiff
           CARTER POOL

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**