UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER POOL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERIPARK, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.:　19cv1103-LAB (WVG)<br><br>**FINAL JUDGMENT AND ORDER GRANTING:**<br><br>**1) MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE AWARD [Dkt. 43];**<br><br>**2) FINAL APPROVAL OF CLASS ACTION SETTLEMENT [Dkt. 44]; AND**<br><br>**3) DISMISSAL OF THE ACTION WITH PREJUDICE** |

　　　Plaintiff Carter Pool ("Plaintiff" or "Class Representative") filed this putative class action against Defendant Ameripark, LLC (collectively, the "Parties"), alleging that Defendant engaged in a pattern of wage and hour violations against all current and former non-exempt employees of Defendant who worked in the State of California and who performed parking valet duties. Plaintiff brings claims for violations of the California Labor Code, including for claims under the Private

Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* ("PAGA"); the Industrial Welfare Commission ("IWC") Wage Orders; and California Business & Professions Code § 17200, *et seq*.

After arm's-length settlement discussions, the Parties entered into a Stipulation of Class Action and PAGA Representative Action Settlement and Release ("Settlement Agreement"), which, if approved, would resolve this putative class action. (*See* Dkt. 50, Ex. 1). Currently pending before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), (Dkt. 44), and Plaintiff's Motion for Approval of Attorneys' Fees and Costs and Class Representative Award ("Fee Motion"), (Dkt. 43). After consideration of the moving papers, the Court hereby **GRANTS** Final Approval of the Settlement and Plaintiff's Fee Motion.

On March 22, 2021, the Court entered its Order Granting Plaintiff's Motion For: (1) Preliminary Approval of Class Action Settlement; (2) Provisional Certification of the Settlement Class; (3) Approval of the Class Notice and Notice Plan; (4) Appointment of Class Counsel and Class Representative; (5) Appointment of Settlement Administrator; and (6) Setting a Final Approval Hearing, in which the Court preliminarily approved the Settlement ("Preliminary Approval Order"). (Dkt. 38). The Court also scheduled a hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interest of the Class, and free from collusion such that the Court should grant final approval of the Settlement, and to consider Plaintiff's motion for an award of attorneys' fees, costs, and an incentive award for the Class Representative ("Fairness Hearing"). The Court has considered:

- the points and authorities submitted by Plaintiff in support of the Final Approval Motion;
- the points and authorities submitted by Plaintiff in support of the Fee Motion;

- the declarations and exhibits submitted in support of said motions;
- the Settlement Agreement;
- the entire record in this proceeding, including but not limited to, the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, filed February 10, 2021;
- the Notice of Proposed Class Action Settlement ("Notice"), providing full and fair notice to the Class Members;
- the absence of any objection to or exclusion from the Settlement;
- the absence of any objection or response by any official after the provision of all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715;
- the oral presentations of Class Counsel and ounsel for Defendant at the Fairness Hearing;
- this Court's experiences and observations while presiding over this matter, and the Court's file herein; and
- the relevant law.

Based upon these considerations and the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this Final Judgment and Order Granting: (1) Motion for Attorneys' Fees and Costs and Class Representative Award, (2) Final Approval of Class Action Settlement; and (3) Dismissal of the Action with Prejudice ("Final Approval Order"), and good cause appearing, **IT IS HEREBY ORDERED**:

1) Final Approval of the Settlement, the terms of which are set forth in the Settlement Agreement (Dkt. 50, Ex. 1), is **GRANTED**;
2) The Settlement Class is **CERTIFIED**;
3) Plaintiff is appointed as Class Representative and the incentive award requested in the Fee Motion is **APPROVED**;

4) The payments to Settlement Administrator ILYM Group, Inc. requested in the Final Approval Motion are **APPROVED**;

5) GrahamHollis APC is appointed as Class Counsel and the attorneys' fees and costs requested in the Fee Motion and Supplemental Declaration of Graham S.P. Hollis are **APPROVED**;

6) Plaintiff's claims are **DISMISSED WITH PREJUDICE** in accordance with the terms of this Order.

## DISCUSSION

1. **Definitions**. The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement Agreement or, if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

2. **Incorporation of Documents**. The Court has personal jurisdiction over the Parties, the Class Members, and Defendant. The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, including any Released Claims, to adjudicate any objections submitted to the proposed Settlement, and to dismiss this action with prejudice. All Class Members who did not exclude themselves according to the Court's prior orders and the terms of the Class Notice have consented to the jurisdiction of this Court for purposes of this Action and the Settlement of this Action.

3. **Jurisdiction**. The Court has subject matter jurisdiction over this Action, including jurisdiction over all claims alleged in the Action, settlement of those claims on a class-wide basis, all claims released by the Settlement, and any objections submitted to the Settlement pursuant to 28 U.S.C. §§ 1132(a) and (d). The Court also has personal jurisdiction over the Parties. As discussed in greater detail below and in the Court's Preliminary Approval Order, the Class Members

received adequate notice, had the right to opt out, and were adequately represented by Plaintiff. Accordingly, the Court can and does exercise jurisdiction over those Class Members' claims. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1986) (adequate notice and opportunity to be heard permits courts to exercise jurisdiction over claims of absent class members).

## Findings and Conclusions

4. **Definition of the Class and Class Members**. As identified in the Court's Preliminary Approval Order, the "Class" is comprised of the "Class Members," which is defined as follows: all current and former non-exempt employees of Defendant who worked in the State of California and who performed parking valet duties during the Class Period. The Class Period is defined as the period beginning on May 6, 2015, through March 22, 2021.

5. **Class Certifications (Rule 23)**. Before approving a settlement of class claims, the Court must confirm that the class form is appropriate to the case. Rule 23(a) requires a class to satisfy four prerequisites, generally referred to as numerosity, commonality, typicality, and adequacy of representation. If these are satisfied, the Court must confirm that the action meets one of the class action types enumerated in Rule 23(b)—as relevant here, subsection (3) of that Rule requires that the common questions predominate over individual ones and that a class action be superior to other available methods for fairly and efficiently adjudicating the controversy. Because each of these requirements is met, as discussed below, the Court grants final certification of the Class. All Class Members are subject to this Final Approval Order and the Final Judgment to be entered by the Clerk of Court in accordance herewith.

   A. **Numerosity**. The proposed Class includes 1,024 Class Members. This is sufficiently numerous that joinder of all members is impracticable, so Rule 23's numerosity requirement is satisfied. Fed. R. Civ. P. 23(a)(1).

B. **Commonality**. A properly certified class must also have questions of law or fact common to the class members. Fed. R. Civ. P. 23(a)(2). The proposed Class satisfies this requirement. The Class claims relate to Defendant's general applicable policies concerning overtime pay, wages, meal and rest periods, gratuities owed, and suitable seating for employees.

C. **Typicality**. A class can be certified only if the class representative's claims are typical of the class's claims. Fed. R. Civ. P. 23(a)(3). A representative's claims are typical "if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Co.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (overruled on other grounds by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)). Plaintiff was allegedly subject to the employment policies that form the basis of the Class claims, and the Court therefore finds that Plaintiff's claims are reasonably coextensive with those of the Class.

D. **Adequacy of Class Representative**. Having considered the factors set forth in Rule 23(g)(1), the Court finds that Plaintiff is an adequate class representative and Class Counsel are adequate to represent the Class. Class Counsel has fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Class Members. The Court hereby affirms its appointment of GrahamHollis, APC as Class Counsel. The Court also affirms its appointment of Carter Pool as the Class Representative, finding that he possesses no interests adverse to the Class and is adequate to represent the Class.

E. **Rule 23(b) Has Been Satisfied**. Having met Rule 23(a)'s prerequisites for class certification, Plaintiff contends that the Class can be certified under Fed. R. Civ. P. 23(b)(3). (*See* Dkt. 44-2 ¶¶ 98–103). This requires the Court to find that questions of law or fact common to Class Members predominate over any questions affecting only individual members and that class treatment is the

superior means to adjudicate Plaintiffs' claims. Fed. R. Civ. P. 23(b)(3). These requirements are satisfied.

Predominance can be established by the existence of a company-wide policy or practice. *See, e.g., Duque v. Bank of America*, Case No. SA CV 18-1298 PA (MRWx), 2018 WL 10483813 at *3–4 (C.D. Cal. Dec. 10, 2018). Here, Plaintiff's claims arise from Defendant's allegedly uniform and systematic employment policies applicable to non-exempt employees who performed valet duties. The common questions surrounding these policies predominate this case, and so the predominance requirement is met.

The Court must also confirm that the class form is superior to other methods of litigation before certifying a class under Rule 23(b)(3). This inquiry "requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. The "dominant[]" objective of the class form is "vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all. . . . The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (cleaned up). The Class is composed of 1,024 people, and individualized treatment could result in over one thousand cases that involve the same factual bases and seek to achieve a similar result. Individual cases would likely consume a significant amount of time, effort, and resources, and would also likely deter individual Class Members from pursuing individual claims. The Court finds that class treatment here is superior to other methods of litigation.

With the requirements of Rules 23(a) and (b)(3) satisfied, the Court grants final certification of the Class for settlement purposes only.

6. **The Settlement**. "Federal Rule of Civil Procedure 23(e) requires district courts to review proposed class action settlements for fairness,

reasonableness, and adequacy." *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019). Because the named Plaintiff, Class Counsel, and Defendant's Counsel may have incentives inconsistent with the interests of absent class members, the Court must take care to protect the due process rights of those absent class members. And because this incongruity is most pronounced where the settlement comes prior to class certification, "settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Id*. at 1048–49 (internal quotation marks and citation omitted). The Court must look particularly for evidence of collusion or other conflicts of interest to protect absent class members. *Id*.

Applying this standard, the Court finds that the Settlement is fair, reasonable, and adequate to each Class, in light of the complexity, expense, and likely duration of the litigation (including appellate proceedings), as well as the risks involved in establishing liability, damages, and the appropriateness of class treatment through trial and appeal. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). The Settlement appears to be the result of arm's-length negotiation and the record doesn't support a conclusion that the Settlement is the result of either: 1) collusion among Plaintiff, Class Counsel, and Defendant; or 2) conflicts of interest between Plaintiff and Class Counsel, on the one hand, and the Class Members, on the other.

A. **Generally**. The Parties reached the proposed Settlement after a thorough investigation into the merits of Plaintiff's claims. The Settlement was the result of arm's-length negotiations conducted by the Parties in good faith and after consultation with competent legal counsel, and with the extensive assistance of an independent mediator, The Honorable Carl J. West. The Action was filed in good faith, was not frivolous, and was in compliance with Rule 11 of the Federal Rules of Civil Procedure. Based on the negotiations between counsel for the Parties, the Parties fully understood the nature, strength, and weaknesses of each

other's claims and defenses.

Plaintiff and Class Counsel maintain that the Action and the claims asserted therein are meritorious and that Plaintiff and the Class would have prevailed at trial. Notwithstanding, Plaintiff and Class Counsel have agreed to settle the Action pursuant to the provisions of the Settlement Agreement after considering, among other things: (1) the strength of Plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining a class action status throughout the trial; (4) the amount offered in Settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed Settlement. Plaintiff and Class Counsel agree that this Settlement Agreement is fair, reasonable, and adequate because it provides substantial benefit to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Action.

Defendant expressly denies any wrongdoing alleged in the pleadings in the Action, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Action. Defendant nonetheless considers it desirable for the Action to be settled and dismissed, because: (i) further litigation with respect to Plaintiff's claims would be protracted, expensive, and contrary to its best interests; and (ii) absent settlement, substantial amounts of time, energy, and other resources would continue to be devoted to Defendant's defense against Plaintiff's claims.

Plaintiff and Defendant were fully informed of the legal bases for the claims and defenses herein and are capable of balancing the risks of continued litigation and the benefits of the Settlement. Class Counsel and Defendant's Counsel are experienced civil litigation lawyers with specialized knowledge in complex class action litigation generally. Class Counsel and Defendant's Counsel are capable of

properly assessing the risks, expenses, and duration of continued litigation.

B. **The Settlement Affords Meaningful Relief**. The Settlement Class will receive the Settlement Amount of $1,750,000, minus Court-approved attorneys' fees and costs, administrative costs, PAGA penalties, Class Representative Service Award, and Labor Code § 1102.5 Award.

On the other side of the ledger and as described in further detail *infra*, Paragraph 10, participating class members will release the claims actually brought and claims that could have been brought under federal or state law arising out of the allegations of the operative complaint. By operation of the entry of this Final Approval Order, and except as to such rights or claims as may be created by the Settlement, each Class Member will release the following claims:

> [A]ll causes of action and factual or legal theories that were alleged in the Operative Complaint or reasonably could have been alleged based on the facts and legal theories contained in the Operative Complaint, including all of the following claims for relief: (i) failure to provide rest periods; (ii) failure to provide meal periods; (iii) failure to pay minimum and regular wages; (iv) failure to pay all overtime wages; (v) failure to provide accurate wage statements; (vi) waiting time penalties; (vii) failure to indemnify employees for necessary expenditures incurred in the discharge of duties; (viii) failure to institute a lawful tip pooling policy; (ix) failure to provide suitable seating; (x) unfair business practices that could have been premised on the claims, causes of action or legal theories of relief described above or any of the claims, causes of action or legal theories of relief pleaded in the Operative Complaint; (xi) all claims under the California Labor Code Private Attorneys General Act of 2004 that could have been premised on the claims, causes of action or legal theories described above or any of the claims, causes of action or legal theories of relief pleaded in the Operative Complaint; (xii) any other claims or penalties under the wage and hour laws pleaded in the Operative Complaint; and (xiii) all damages, penalties, interest and other amounts recoverable under said claims, causes of action

or legal theories of relief.

(Dkt. 50, Ex. 1 ¶ 1.7). The Plaintiff himself "settle[s] fully and release[s] all of the claims he now has against the Released Parties, whether known or unknown, suspected or unsuspected." (*Id*. ¶ 5.2(e)(iv)).

The Court finds the releases reasonable in scope and, in light of the risks, costs, and duration of continued litigation, the amounts paid to Plaintiff and the Class are fair, reasonable, and adequate consideration for those releases. The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiff might receive if he prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiff and the Class would receive less than the Settlement relief or take nothing at trial. The relief offered by the Settlement is fair, reasonable, and adequate in view of these factors.

C. **No Collusion or Conflicts of Interest**. The Court finds no evidence to support a conclusion that Plaintiff and the Defendant colluded. To the contrary, up to and through the Settlement, both Parties vigorously litigated and negotiated this Action, as evidenced by the docket.

However, the Settlement Agreement's "clear sailing" provision, under which Defendant agreed not to challenge any request for fees up to the maximum of $437,500 of the Settlement funds, can be a "subtle sign of collusion." *SFBSC Mgm't*, 944 F.3d at 1049. The presence of such a provision requires the Court to look closely at the reasonableness of the recovery and the reasonableness of fees to confirm that Class Counsel haven't negotiated a benefit for themselves using the Class's claims as leverage. *Id.*

That scrutiny doesn't reveal evidence that Class Counsel bargained away a Class benefit in exchange for clear sailing on an unreasonably large fee award. The Settlement's benefit to the Class is appropriate in relation to the likelihood of success at trial and the magnitude of the Class claims. Class Counsel's requested

fees withstand close scrutiny, too. They seek $437,500, or 25% of the total—equal to the Ninth Circuit's benchmark rate and the amount the clear sailing agreement allows without objection. These fees are reasonable, and the amount isn't so extraordinary that the Court can infer that Class Counsel obtained the provision by bargaining away a class benefit.

Because it's unlikely that the clear sailing agreement provided a non-negligible benefit to Class Counsel, and because the Class benefit from the Settlement is adequate, the Settlement withstands close scrutiny and the Court finds no apparent collusion.

D. **Response of the Class**. The Class's responses after full, fair, and effective notice (as discussed below) favor final approval of the Settlement. Out of the 1,024 who received notice, none filed an objection to the Settlement and none have requested an exclusion from the Settlement.

7. **Notice**. Pursuant to the Preliminary Approval Order, the Notice of Proposed Class Action Settlement ("Notice") was sent to 1,024 Class Members by mail. Of these, 120 Notices were returned as undeliverable, 70 of which were re-mailed thanks to forwarding addresses that were provided or ILYM Group's skip tracing efforts. Presently, 50 Notices are deemed undeliverable.

The Notices provided fair, effective, and the best practicable notice to the Class of the Settlement and the terms thereof. The Notices also informed the Class of Plaintiff's intent to seek attorneys' fees, costs, and incentive payments, and set forth the date, time, and place of the Fairness Hearing and Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing. The Court further finds that the Settlement afforded Class members a reasonable period of time to exercise such rights. *See Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *82 (C.D. Cal. Nov. 23, 2011) (class members' deadline to object or opt out must arise after class counsel's fee motion is filed); *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (same). The

Settlement Notices fully satisfied the requirements of law and due process.

8. **PAGA Payment**. The PAGA payment of $87,500, with $65,625 (or 75%) allocated to the California Labor and Workforce Development Agency ("LWDA") and $21,875 (or 25%) to be distributed to the Class, is approved. That payment must be distributed as set forth in the Settlement Agreement.

9. **Costs and Fees**. The fees and expenses of ILYM Group, Inc. in administrating the settlement in the amount of $14,500, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement Agreement.

The requested Class Representative Service Award, Labor Code § 1102.5 Award, and the attorneys' fees and costs are fair and reasonable. The Court hereby grants final approval to and orders that the payment of the amounts of $5,000 to Plaintiff for his Service Award, $5,000 to Plaintiff for his Labor Code § 1102.5 Award, $437,500 to Class Counsel for attorneys' fees, and $12,564.82 for reimbursement of costs be paid out of the Maximum Settlement Amount in accordance with the Settlement Agreement.

10. **Release**. The Release set forth in the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Approval Order, and forever discharges the Released Parties from any claims or liabilities released by the Settlement, including the Released Claims, and including without limitation a waiver of all rights under Section 1542 of the California Civil Code. This Release covers, without limitation, any and all causes of action and factual or legal theories that were alleged in the operative complaint or reasonably could have been alleged based on the facts and legal theories contained in the operative complaint.

Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that

Defendant make payment in accordance with the Settlement Agreement.

If, for any reason, the Effective Date (as defined by the Settlement Agreement) does not occur, this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

The Parties represent that they entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant expressly denies any violation of law or any liability whatsoever to Plaintiff and/or the Class, individually or collectively.

## CONCLUSION

The Settlement is **ORDERED** finally approved, and all terms and provisions of the Settlement are ordered to be consummated. Participating Class Members will be bound by the Settlement. The Parties are hereby ordered to comply with the terms of the Settlement Agreement. The action is **DISMISSED WITH PREJUDICE**, and final judgment is entered. Each side will bear its own costs and attorneys' fees except as provided by the Settlement and this Final Approval Order.

//
//
//
//
//
//
//
//

1 | The parties have consented to the continued jurisdiction of United States Magistrate Judge William V. Gallo or any Magistrate Judge who may later be assigned over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Final Approval Order and the Settlement.

The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: March 22, 2022

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge